UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 20-cv-04191-BLF  (VKD)<br><br>**ORDER RE JUNE 10, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 81 |

    Plaintiff Lionel Rubalcava and defendants Rich Torres, Gary Hafley, Walt Tibbet, and the City of San Jose (collectively, "Defendants") ask the Court to resolve their dispute concerning the nature and number of interrogatories Defendants have served on Mr. Rubalcava. Dkt. No. 81. The Court finds the matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

    The parties raise two disputes: (1) whether defendants affiliated with the City of San Jose may serve no more than 25 interrogatories, collectively, under Rule 33 of the Federal Rules of Civil Procedure; and (2) whether Mr. Rubalcava may defer answering Defendants' contention interrogatories until later in discovery. Dkt. No. 81 at 2. Having considered the parties' joint submission, the Court orders as follows:

**1.    Number of interrogatories**

    Defendants are correct that nothing in Rule 33 compels the conclusion that affiliated parties must be treated as a single "party" for purposes of the numerical limit on interrogatories imposed by that rule; the default is 25 interrogatories per "party". Fed. R. Civ. P. 33(a)(1). Where multiple parties are aligned in their interests, limits on the number of interrogatories each may serve usually are discussed during the parties' Rule 26(f) conference and addressed in the Court's

case management order. Here, the parties apparently asked the presiding judge to modify only the limits on the number of depositions. *See* Dkt. No. 51. Mr. Rubalcava argues that permitting each of the 11 defendants affiliated with the City of San Jose ("City Defendants") to serve 25 interrogatories (for a total of 275 interrogatories) will impose an undue burden on Mr. Rubalcava, particularly because there is likely to be substantial overlap in their interests and defenses and because they are represented by the same counsel. Defendants note that they have only served 53 interrogatories so far and argue that the claims and defenses are not the same for each defendant.

The Court has broad discretion to manage discovery, consistent with the requirements of Rule 26(b)(1), which provides that parties may obtain discovery of any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The submissions to date reflect that there is indeed substantial overlap in the positions taken and interests asserted by all City Defendants, and it would be unduly burdensome to permit service of as many as 275 total interrogatories. However, the Court expects that 25 interrogatories are too few, given the distinct interests of the individual defendants.

Accordingly, the Court will permit City Defendants collectively to serve no more than 25 interrogatories on Mr. Rubalcava and will permit each individual defendant to serve no more than three additional interrogatories on Mr. Rubalcava. It may be that City Defendants collectively, or a particular individual defendant, require additional interrogatories. *See* Fed. R. Civ. P. 33 advisory committee's note, subdivision (a), 1993 amendment ("The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device."). If so, the parties shall confer regarding such additional interrogatories and may stipulate to increase the number set in this order, or City Defendants (or any one of them) may ask the Court for relief using the discovery dispute resolution procedure.[1]

### 2. Timing of interrogatories

Defendants are correct that contention interrogatories are not improper and are not necessarily premature, even if served early in discovery. However, Mr. Rubalcava is correct that

---

[1] Tibbet Interrogatory No. 4 will have as many distinct subparts as there are distinct requests for admissions as to which the answer is something other than an unqualified admission.

1  contention interrogatories that essentially require him to curate an extensive document production
2  for Defendants may be unduly burdensome.  He is also correct some contention interrogatories
3  should not be used early in discovery.

4        The Court has reviewed the disputed interrogatories and finds that some of them are not
5  premature.  In particular, the Court concludes that where an interrogatory seeks information
6  supporting specific and discrete factual allegations in the complaint, the interrogatory may be
7  answered now based on information that is evidently available to Mr. Rubalcava.  Other
8  contention interrogatories have a broader scope and should be answered only after Mr. Rubalcava
9  has had an opportunity to substantially complete discovery.

10       Accordingly, the following interrogatories may be answered now, subject to any
11 unresolved objections not raised in the parties' joint submission or otherwise addressed by this
12 order:

- City of San Jose:  Interrogatory No. 6
- Hafley:  Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18
- Tibbet:  Interrogatories Nos. 2, 3, 4
- Torres:  Interrogatories Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19

17 The remaining interrogatories need not be answered until later in discovery.

18       Given the Court's resolution above of the parties' dispute concerning the number of
19 permitted interrogatories, the parties must confer further regarding how Defendants' existing
20 interrogatories will be allocated, or re-served, so that they comply with the Court's direction
21 regarding numerical limits.  The parties should endeavor to negotiate an efficient and practical
22 resolution to this issue.  The parties must also confer regarding a date on which Mr. Rubalcava
23 will answer the remaining contention interrogatories.

24 **IT IS SO ORDERED.**

25 Dated: July 2, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge