# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 20-cv-04191-BLF<br><br>**ORDER DENYING DEFENDANT COUNTY OF SANTA CLARA'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b); AND VACATING HEARING ON MOTION**<br><br>[Re: ECF 104] |

Defendant County of Santa Clara has filed a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). The motion is fully briefed, and the Court finds it to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). The hearing currently set for February 24, 2022 is VACATED. The motion is DENIED as discussed below.

On July 15, 2021, the Court issued an order dismissing all claims against the County with leave to amend in part. *See* Order, ECF 88. Plaintiff did not amend within the time provided. He later obtained leave to file a first amended complaint ("FAC") to correct drafting errors and omit certain parties and claims dismissed by the Court. *See* Order Granting Leave, ECF 117. Plaintiff filed the FAC on November 4, 2021, omitting the County as a defendant. *See* FAC, ECF 118.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The Supreme Court has set forth a two-step process for evaluating a Rule 54(b) motion.

*See id.* at 7. "A district court must first determine that it is dealing with a 'final judgment.'" *Id.* "Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id*. at 8.

The Court concludes that its dismissal order satisfies the finality requirement at step one of the analysis. To qualify as a final judgment for purposes of Rule 54(b), the order "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (internal quotation marks and citation omitted). As discussed above, the Court dismissed all claims against the County, Plaintiff chose not to amend, and Plaintiff filed a FAC omitting the County. Thus, there has been an ultimate disposition of Plaintiff's claims against the County. Plaintiff does not argue to the contrary.

However, the Court concludes that entry of final judgment for the County is not warranted at step two of the analysis. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Consideration of judicial administration "is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id*. (internal quotation marks and citation omitted). The Ninth Court has held that "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The County has not identified any pressing need for an early and separate judgment, or otherwise shown this to be one of the unusual cases in which a separate judgment is appropriate.

The County's motion for entry of final judgment under Rule 54(b) is DENIED.

Dated: November 18, 2021

_____
BETH LABSON FREEMAN
United States District Judge