UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LIONEL RUBALCAVA,

    Plaintiff,

v.

CITY OF SAN JOSE, et al.,

    Defendants.

Case No. 20-cv-04191-BLF (VKD)

**ORDER RE MAY 17, 2022 DISCOVERY DISPUTE**

Re: Dkt. No. 132

    The parties dispute which of them should have priority in questioning non-party witnesses David Gonzalez and Daniel Cerecerez in deposition. The City Defendants[1] ask the Court to allow them to question first. They argue that Mr. Gonzalez and Mr. Cerecerez are friendly to or aligned with plaintiff Lionel Rubalcava and that permitting plaintiff's counsel to question them first will result in "tainting" the witnesses' testimony, particularly if plaintiff's counsel uses leading questions. Dkt. No. 132 at 3. Mr. Rubalcava disputes that Mr. Gonzalez and Mr. Cerecerez are friendly witnesses and that it would be improper for his counsel to question them using leading questions. He argues that as the party noticing and subpoenaing them, he should be permitted to question each witness first. *Id.* at 9-10 and Exs. 1, 2. The Court held a hearing on this dispute on June 14, 2022. Dkt. No. 141.

    It is not clear from the parties' presentations whether Mr. Gonzalez and Mr. Cerecerez are properly treated as witnesses hostile to Mr. Rubalcava for purposes of Rule 611(c)(2). Neither

---

[1] The Court refers to defendants the City of San Jose and former San Jose police officers Joseph Perez, Rafael Nieves, Ramon Avalos, Steven Spillman, and Topui Fonua, collectively, as the "City Defendants." *See* Dkt. No. 118 ¶¶ 19-24.

witness appears to be identified with Mr. Rubalcava by virtue of a prior relationship, and the Court is informed that each has given testimony favorable and unfavorable to Mr. Rubalcava in the past. Both Mr. Rubalcava and the City Defendants wish to take these witnesses' depositions, but Mr. Rubalcava happened to notice and subpoena them first.

For the reasons explained on the record during the hearing, the Court finds no reason to require that the City Defendants have priority in examining Mr. Gonzalez and Mr. Cerecerez. The Court makes no findings regarding whether it is proper or not for any party to ask either witness leading questions for any purpose. If a party finds an adversary's questioning objectionable, it must take the necessary steps to preserve the objection. *See* Fed. R. Civ. P. 30(c)(2).

**IT IS SO ORDERED.**

Dated:

VIRGINIA K. DEMARCHI
United States Magistrate Judge