UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, et al.,<br><br>   Defendants. | Case No. 20-cv-04191-BLF   (VKD)<br><br>**ORDER RE JULY 1, 2022 DISCOVERY DISPUTE RE CONTENTION INTERROGATORIES**<br><br>Re: Dkt. No. 143 |

   Plaintiff Lionel Rubalcava and defendant Douglas Kaleas ask the Court to resolve their dispute concerning Mr. Rubalcava's responses to six of Mr. Kaleas's contention interrogatories. Dkt. No. 143. The Court finds this matter suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons explained below, the Court overrules Mr. Rubalcava's objection that these interrogatories are premature and requires Mr. Rubalcava to provide substantive responses to Interrogatories Nos. 10, 12, 14, and 16 and to supplement his responses to Interrogatories Nos. 11 and 15.

**I.  BACKGROUND**

   In this action, Mr. Rubalcava contends that Mr. Kaleas violated his constitutional rights by concealing that Mr. Kaleas and San Jose Police Department detective Joseph Perez gave money to the Rodriguez family and took other steps to pressure Raymond Rodriguez and his brother in maintaining false identifications of Mr. Rubalcava as the person who shot Mr. Rodriguez. Dkt. No. 118 ¶¶ 90-91, 163, 194(f). The parties have been engaged in fact discovery for approximately 18 months. Dkt. No. 143 at 5. Fact discovery closes in eight months, on March 10, 2023. *Id.* at 7; Dkt. No. 114 at 2.

In May 2022, Mr. Kaleas served six interrogatories on Mr. Rubalcava which he says are intended to discover facts and identify witnesses and documents that support two allegations in paragraph 91 of the amended complaint: (1) that Mr. Kaleas and Mr. Perez gave the Rodriguez family thousands of dollars, in addition to witness protection payments for part of the security deposit and first month's rent for a house, and (2) that they instructed Jennifer Contreras (Mr. Rodriguez's mother) to pressure Mr. Rodriguez and his brother to maintain false identifications of Mr. Rubalcava. Dkt. No. 118 ¶ 91. The interrogatories at issue are:

> INTERROGATORY NO. 10: Please state all facts supporting your contention in paragraph 91 of the Amended Complaint that Joe Perez and Douglas Kaleas also provided payments of thousands of dollars to the [Rodriguez] family.
>
> INTERROGATORY NO. 11: For all facts supporting your contention in paragraph 91 of the Amended Complaint that Joe Perez and Douglas Kaleas also provided payments of thousands of dollars to the [Rodriguez] family, identify all persons who have knowledge of those facts.
>
> INTERROGATORY NO. 12: For all facts supporting your contention in paragraph 91 of the Amended Complaint that Joe Perez and Douglas Kaleas also provided payments of thousands of dollars to the [Rodriguez] family, identify all documents that support your response and identify the persons who have each document.
>
> INTERROGATORY NO. 14: State all facts supporting your contention that Joe Perez and Douglas Kaleas instructed Jennifer Contreras to pressure 12-year old Eric Millan and his brother to maintain their false identifications of Lionel Rubalcava through trial.
>
> INTERROGATORY NO. 15: For all facts supporting your contention that Joe Perez and Douglas Kaleas instructed Jennifer Contreras to pressure 12-year old Eric Millan and his brother to maintain their false identifications of Lionel Rubalcava through trial, identify all persons who have knowledge of those facts.
>
> INTERROGATORY NO. 16: For all facts supporting your contention that Joe Perez and Douglas Kaleas instructed Jennifer Contreras to pressure 12-year old Eric Millan and his brother to maintain their false identifications of Lionel Rubalcava through trial, identify all documents that support your response and identify the persons who have each document.

Dkt. No. 143-1.

Mr. Rubalcava objects to each of these interrogatories as premature because the parties are in the middle of discovery and he has not completed the depositions of witnesses likely to have relevant knowledge about the allegations in paragraph 91 of the amended complaint. Dkt. No. 143 at 5. However, Mr. Rubalcava has answered Interrogatories Nos. 11 and 15, which seek the identification of witnesses with knowledge, notwithstanding these objections. Mr. Kaleas contends that the objection is improper as to all six interrogatories and that the answers to Interrogatories Nos. 11 and 15 are insufficient. *Id.* at 1.

## II.  LEGAL STANDARD

A party may serve an interrogatory to obtain discovery of "any matter that may be inquired into under Rule 26(b)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a)(2). Rule 26(b) permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In responding to an interrogatory, a party must answer "separately and fully" to the extent the interrogatory is not objected to. Fed. R. Civ. P. 33(b)(3). Any grounds for objection must be stated with specificity. Fed. R. Civ. P. 33(b)(4). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

## III.  DISCUSSION

The parties appear to agree that the six interrogatories at issue may be considered "contention interrogatories," even though none of them asks Mr. Rubalcava to identify *what* he contends or *whether* he makes some specific contention, but instead seek information about allegations of fact in the amended complaint. *See In re Convergent Technologies Securities*

3

*Litigation*, 108 F.R.D. 328, 332-333 (N.D. Cal. 1985) (discussing the "many different kinds of questions" to which the phrase "contention interrogatory" may "imprecisely" refer); *see also In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (describing as "contention interrogatories" those seeking "all facts" regarding plaintiffs' market definition, interchangeable alternatives, and injury in antitrust action). The parties disagree about whether Mr. Rubalcava should be required to answer these interrogatories now, given the status of fact discovery.

While the Court is not entirely convinced that these interrogatories are truly "contention interrogatories" within the meaning of Rule 33(a)(2), it assumes they are for purposes of this dispute. In these circumstances, Mr. Kaleas may obtain answers to these interrogatories after substantial discovery is completed or if he shows that obtaining answers now would contribute meaningfully to: "(1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56." *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (citing *In re Convergent*, 108 F.R.D. at 338-339). These guidelines must not be employed rigidly; the Court must make a determination on a case-by-case basis. *Id.*

Having considered the parties' joint submission, the record in this case, and the applicable authority, the Court agrees with Mr. Kaleas that Mr. Rubalcava's answers to these six interrogatories will meaningfully contribute to clarifying the facts in dispute, which may in turn narrow the scope of the dispute and/or expose a substantial basis for a Rule 56 motion. First, the interrogatories at issue seek information about specific allegations of fact that *Mr. Rubalcava has already made* in his amended complaint. Having made the allegations, without qualification, Mr. Rubalcava is presumed to have evidentiary support for them. *See* Fed. R. Civ. P. 11(b)(3). Mr. Rubalcava is not being asked to formulate a contention of fact or law (or application of law to fact) when he has had insufficient opportunity to do so. Nor is he being asked to provide a narrative summary of his claims against Mr. Kaleas. Rather, the interrogatories ask him to disclose the evidentiary support that he already has for two discrete and specific allegations of fact that he has already made. *See Subramani v. Wells Fargo Bank, N.A.*, No. 13-CV-01605-SC, 2014 WL

4

7206888, at *2 (N.D. Cal. Dec. 18, 2014) ("As a general matter, interrogatories directing a plaintiff to state facts supporting contentions in his complaint are entirely appropriate.") (internal quotations omitted); *Tennison v. City and Cnty. of San* Francisco, 226 F.R.D. 615, 619 (N.D. Cal. 2005) (granting motion to compel answers to interrogatories seeking all facts supporting plaintiff's "specific allegations of wrongdoing by the individual officers").

Second, the allegations in paragraph 91 of the amended complaint are essential to Mr. Rubalcava's claims against Mr. Kaleas, which depend in part on evidence that Mr. Kaleas and others offered witnesses financial benefits in exchange for false testimony and concealed that conduct from prosecutors. *See, e.g.*, Dkt. No. 118 ¶¶ 163, 194(f); Dkt. No. 88 at 4. Given that there are only eight months remaining for fact discovery, Mr. Kaleas understandably wishes to identify the factual basis for these allegations so that he may also take discovery in aid of his defense against them. The fact that Mr. Rubalcava's own discovery efforts are not yet complete is an insufficient justification for withholding the information he currently has from Mr. Kaleas and thereby limiting Mr. Kaleas's ability to develop evidence in his defense before the deadline for completion of fact discovery. This is particularly true with regard to the identification of witnesses with relevant knowledge whom Mr. Kaleas may wish to depose, and the identification of documents evidencing the improper payments.

Third, while discovery is not yet complete, substantial discovery has been conducted as to the allegations at issue. According to the joint discovery dispute submission, Mr. Rubalcava has produced approximately 35,000 pages of documents to defendants. Dkt. No. 143 at 2. He has deposed Mr. Perez and three members of the Rodriguez family, although he has not yet deposed Mr. Kaleas or Ms. Contreras. *Id.* at 2, 6. Moreover, before bringing this action, the Northern California Innocence project investigated the circumstances leading to Mr. Rubalcava's wrongful conviction as did the Santa Clara District Attorney's Office. Mr. Rubalcava's present counsel have the benefit of most, if not all, of the material from these investigations. *See* Dkt. No. 118 ¶¶ 11, 90-93, 171-714; *see also* Dkt. No. 88 at 6-7 (describing re-investigation). The Court is not persuaded that requiring Mr. Rubalcava to answer these six interrogatories would impose substantial burdens on him, as he claims. *See* Dkt. No. 143 at 5. Of course, Mr. Rubalcava may

supplement his answers when he obtains additional information—in fact, he must do so, and in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

Separately, the parties dispute whether Mr. Rubalcava's answers to Interrogatories Nos. 11 and 15 are sufficient. Mr. Kaleas complains that for these interrogatories Mr. Rubalcava has merely identified the people alleged to have been directly involved in the misconduct at issue and is potentially withholding the identifications of other witnesses with knowledge of these events. Dkt. No. 143 at 4. Mr. Rubalcava argues that he does not have complete information at this stage of discovery, and that he has identified "individuals with direct knowledge of the inquired-about allegations." *Id.* at 6. However, he does not say whether his answers to these interrogatories disclose all responsive information currently in his possession, custody, or control. The Court resolves this aspect of the parties' dispute as follows: If Mr. Rubalcava has additional information responsive to Interrogatories Nos. 11 and 15, he must supplement his answers to provide that information. It is not enough to say that he has or will provide information as part of his Rule 26 initial disclosures. *See id.* at 4.

## IV. CONCLUSION

Mr. Rubalcava must serve answers to Interrogatories Nos. 10-12 and 14-16 consistent with the Court's directions above **by July 25, 2022.**

**IT IS SO ORDERED.**

Dated: July 11, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge