UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 20-cv-04191-BLF   (VKD)<br><br>**ORDER RE NOVEMBER 18, 2022 DISCOVERY DISPUTE RE DEPOSITION OF JOE PEREZ**<br><br>Re: Dkt. No. 154 |

Plaintiff Lionel Rubalcava and defendants City of San Jose, Joseph Perez, Rafael Nieves, Ramon Avalos, Ron Baldal, Steven Spillman, Topui Fonua, Walt Tibbet, Edgardo Garcia, Rich Torres, and Gary Hafley ("City Defendants") ask the Court to resolve their dispute concerning whether Mr. Rubalcava may take a second deposition of Detective Perez. Dkt. No. 154. The Court finds this matter suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons explained below, the Court concludes that Mr. Rubalcava may depose Detective Perez for an additional 2.5 hours.

**I.     BACKGROUND**

In this action, Mr. Rubalcava asserts claims for violations of his federal constitutional rights and violations of state law arising from his conviction in 2003 for the attempted murder of Raymond Rodriguez. Dkt. No. 118. He claims that San Jose police officers, including Detective Perez, fabricated evidence and committed other misconduct that led to his wrongful conviction. *See, e.g., id.* ¶¶ 183-189, 194-195, 199-200.

Mr. Rubalcava took Detective Perez's deposition on June 23, 2022 for a full day. Dkt. No. 154-3. Before the deposition, Mr. Rubalcava asked Detective Perez to stipulate to a deposition of

1    10 hours over two days. Dkt. No. 154-2. Detective Perez declined to so stipulate. Dkt. No. 154 at

2    3, 11 n.3. However, after his June 23 deposition, the parties agreed that Detective Perez would be

3    deposed for four more hours, with the questioning time shared between Mr. Rubalcava and the

4    County Defendants.[1] Dkt. No. 154-2. After the parties agreed to this further deposition, Mr.

5    Rubalcava settled his claims against the County Defendants and they are no longer participating in

6    the case. Dkt. No. 154 at 3. Detective Perez now refuses to appear for another deposition of any

7    duration.

8          Fact discovery closes in three months, on March 10, 2023. *Id.* at 7; Dkt. No. 114 at 2.

## II.   LEGAL STANDARD

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Rule 26(b)(1) permits discovery of nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P 26(b)(1). Rule 26(b)(2) requires the Court to limit discovery that is unreasonably cumulative or duplicative, or that the party seeking discovery has had ample opportunity to obtain, or that is outside the scope of permissible discovery described in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2).

Absent a stipulation, "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, Advisory Committee Notes to 2000 amendment, subdivision (d).

## III.  DISCUSSION

Mr. Rubalcava cites two principal reasons for seeking additional deposition time for Detective Perez. First, he says Detective Perez was the lead detective in a lengthy criminal investigation of the shooting for which Mr. Rubalcava was wrongly convicted and is the primary

---

[1] The Court refers to defendants Douglas Kaleas and Brian Geer, former investigators for the County of Santa Clara, as the "County Defendants." *See* Dkt. No. 118, ¶¶ 25, 26.

or exclusive source of critical evidence for many of Mr. Rubalcava's claims. Dkt. No. 154 at 2-3, 4. Second, he says that due to Detective Perez's limited preparation for his deposition and difficulty recalling information or responding to questioning, Mr. Rubalcava's counsel was not able to meaningfully explore several key topics.[2] *Id.* at 2-3, 5. City Defendants respond that additional time should not be permitted because Mr. Rubalcava's counsel wasted time during the June 23 deposition with compound and argumentative questions and questions the witness could not be expected to answer. *Id.* at 7-9. In addition, they argue that Mr. Rubalcava's counsel also wasted time berating and belittling Detective Perez during the deposition. *Id.* at 8. City Defendants argue that, having chosen to conduct the June 23 deposition as he did, Mr. Rubalcava's counsel made a strategic decision to cover certain topics and not others. *Id.* at 9.

In evaluating whether Mr. Rubalcava has shown good cause for additional deposition time with Detective Perez, the Court considers several factors, including Detective Perez's role in the case as a source of relevant evidence, the length of time during which relevant events occurred, the need to fully explore positions on which Detective Perez and the other City Defendants rely, and whether it was necessary for Detective Perez to take time during the deposition to familiarize himself with materials presented in order to answer questions about them. *See* Fed. R. Civ. P. 30, Advisory Committee Notes to 2000 amendment, subdivision (d) (discussing factors court might consider); *Schoonmaker v. City of Eureka*, No. 17-cv-06749-VC (RMI), 2018 WL 4896177, at *2–3 (N.D. Cal. Oct. 9, 2018) (discussing relevant considerations for additional deposition time). The Court also considers the deposition that Mr. Rubalcava has already taken of Detective Perez and the manner in which that deposition was conducted. The Court does not understand Mr. Rubalcava to be seeking a "repeat" deposition of Detective Perez, as City Defendants suggest (*see* Dkt. No. 154 at 7), but rather additional deposition time.

No one disputes that Detective Perez was the lead investigator in the shooting of Mr.

---

[2] Mr. Rubalcava identifies the following topics: "Perez's interactions and interviews with key witnesses Alex Borrego, Daniel Cerecerez, Jennifer Contreras, David Gonzalez, Nick Faria, David Holmes, Violet Mejia, Eric Millan, and Rolando Rubalcava; Perez's prior knowledge and contact with Plaintiff; Perez's involvement in the post-conviction investigation; Perez's collaboration with other SJPD defendants; and policies and procedures specific to the SJPD gang investigations unit." Dkt. No. 154 at 2-3.

3

Rodriguez and that the investigation lasted several months and involved many witness interviews and interactions. Mr. Rubalcava is entitled to depose Detective Perez not only about what he did during the investigation and in connection with Mr. Rubalcava's trial, but he is also entitled to depose Detective Perez about inconsistencies and other circumstances that may bear on Detective Perez's credibility and his and others' state of mind or intent. The substantial number of people (defendants and witnesses) with whom Detective Perez interacted and the relatively lengthy period during which the relevant events occurred support Mr. Rubalcava's request for additional deposition time.

The Court has reviewed the transcript of the June 23 deposition (Dkt. No. 154-3) and watched the portions of the video recording of it (Dkt. No. 155) that the parties cited. Counsel's questioning of Detective Perez during the June 23 deposition was generally fast-paced and aggressive, and, on a few occasions, unnecessarily argumentative. Some questions were confusing, and Detective Perez appropriately asked for clarification and took care in answering such questions. The Court is not persuaded that Detective Perez engaged in "dilatory tactics" or unnecessarily prolonged the deposition in answering counsel's questions.

The transcript reflects that, with the exception of Nick Faria, Detective Perez has already given testimony regarding his interactions and interviews with the witnesses Mr. Rubalcava describes as "key." The testimony is extensive regarding his interactions with some witnesses and less extensive regarding his interactions with others. The transcript also reflects that counsel questioned Detective Perez about his prior knowledge and contact with Mr. Rubalcava, his knowledge of and involvement in the post-conviction investigation, his work with other San Jose Police Department officers, and his familiarity with policies and procedures of the gang investigation unit, particularly with respect to conducting and recording interviews and eyewitness identifications. While City Defendants are correct that Detective Perez was not required to prepare for his deposition by reading or reviewing in advance any materials in the case, to the extent he did not recall certain events or documents, it is unsurprising that Mr. Rubalcava's counsel took time during the deposition to have Detective Perez read documents or listen to recorded evidence in an effort to refresh his recollection or to have some basis for questioning him. The transcript reflects that these efforts took some time.

In view of these considerations, the Court finds that some additional time for Detective Perez's deposition is warranted, but not five hours. Rather, 2.5 hours of additional time is sufficient.

## IV. CONCLUSION

For the reasons explained above, Mr. Rubalcava may depose Detective Perez for an additional 2.5 hours. The parties shall confer regarding a mutually agreeable date and time for this further deposition.

**IT IS SO ORDERED.**

Dated: December 9, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge