UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 20-cv-04191-BLF (VKD)<br><br>**ORDER RE FEBRUARY 24, 2023 DISCOVERY DISPUTE RE RULE 30(B)(6) DEPOSITION**<br><br>Re: Dkt. No. 164 |

Plaintiff Lionel Rubalcava and defendant City of San Jose ask the Court to resolve their dispute concerning Mr. Rubalcava's proposed Rule 30(b)(6) deposition of the City regarding its policy on eyewitness identifications. Dkt. No. 164. The Court held a hearing on this matter on March 7, 2023. Dkt. No. 169.

The Court concludes that Mr. Rubalcava may properly take the City's deposition regarding its policy on eyewitness identifications, provided the deposition is limited as described below.

I.  **BACKGROUND**

In this action, Mr. Rubalcava asserts claims for violations of his federal constitutional rights and violations of state law arising from his conviction in 2003 for the attempted murder of Raymond Rodriguez. Dkt. No. 118. Among other things, he claims that San Jose police officers used improperly suggestive techniques to persuade eyewitnesses to identify him as the shooter, and then concealed the circumstances of the identifications from the prosecution and the defense. *See, e.g., id.* ¶¶ 5, 52-55, 66-68, 72-74.

At the time of the investigation into Mr. Rodriguez's shooting, the San Jose Police Department ("SJPD") had a written policy, Policy L 4600, regarding the procedures to be used for

victim and witness identifications of perpetrators of criminal acts. Dkt. No. 164 at 2, 8; Dkt. No. 164-3. As represented to the Court, Mr. Rubalcava has questioned two of the officer defendants, Detective Perez and Officer Spillman, about their understanding of one aspect of the policy—a sub-section of L 4605 regarding "Procedure After Positive Identification." *See* Dkt. No. 164-3 at 5. Detective Perez testified that he did not understand that part of the policy, did not know what his understanding of it was at the time of the investigation, felt it was vague and does not make sense, and was confused by the procedure described in the policy and/or counsel's questioning about it. *See* Dkt. No. 164-2 (Perez dep. at 135:4-136:15, 137:7-18, 139:1-5, 140:9-23, 142:6-12). Officer Spillman testified to an interpretation of the same sub-section of L 4605 that differed from Mr. Rubalcava's interpretation of it, and stated he remembered the policy at the time was in fact as he interpreted it. *See* Dkt. No. 164-4 (Spillman dep. at 114:17-116:11). In addition, Mr. Rubalcava questioned a third officer defendant, Officer Fonua, about his understanding of another aspect of the policy—a sub-section of L 4601 regarding "Recording Circumstances." Dkt. No. 164-3 at 2-3. Officer Fonua testified that he understood the directives in that part of the policy applied "if possible." *See* Dkt. No. 164-5 (Fonua dep. at 167:1-169:17).

As relevant to this dispute, Mr. Rubalcava served a Rule 30(b)(6) deposition notice on the City asking it to designate a witness to testify on its behalf regarding the following matter:

> The interpretation of San Jose Police Department ("SJPD") Policy L 4600 regarding identifications (attached as Exhibit A) and the application of the policy to SJPD officers and their investigative activities, including any changes or modifications to the policy from 2002 to date.

Dkt. No. 1641-1 (topic 1). The City objected to this topic and refused to produce a witness. Dkt. No. 164-8.

## II.   LEGAL STANDARD

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires the party seeking the deposition of a governmental agency or other entity to describe "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The designating party must make a good faith effort to prepare its designees so that they can answer questions fully, completely, and without evasion. *In re JDS Uniphase Corp. Sec. Litig.*, Case No. 02-cv-1486 CW (EDL), 2007 WL

United States District Court
Northern District of California

219857, at *1 (N.D. Cal. Jan. 29, 2007).  If the designee cannot testify fully and completely on behalf of the entity as to a particular topic based on his or her own personal knowledge, the entity has a duty to prepare the designee using other sources of information reasonably available to it.  *Id.*  ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.").  As with all discovery, a Rule 30(b)(6) deposition must be directed to non-privileged matter that is relevant to a claim or defense and that is proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

## III.   DISCUSSION

The City objects to the proposed deposition on the grounds that (1) the topic seeks expert testimony, (2) it is vague and overbroad, and (3) it would be unduly burdensome to prepare a designee.  Dkt. No. 164 at 2.  The Court addresses each of these objections.

### A.   Fact v. Expert Testimony

The parties appear to agree that evidence of what the SJPD's policy for eyewitness identifications was in 2002 is relevant to Mr. Rubalcava's claims in this case.  Indeed, the City says it has produced written documentation describing the policy (i.e., Policy L 4600) and has searched for any other documents that might also describe the policy.  *See id.*  However, the City claims that in seeking testimony about "interpretation" and "application" of the policy, Mr. Rubalcava is effectively asking for an opinion about whether the conduct of the officers in this case complied with the policy.  *Id.*  In response, Mr. Rubalcava says that he is not asking for an evaluation or assessment of the officers' conduct at issue in the case, but wants to know what the written policy means.  *Id.* at 10.

The Court agrees that Mr. Rubalcava should be permitted to examine the City about what the eyewitness identification policy was in 2002.  This is a factual inquiry that neither invites nor requires opinion testimony.  *See Silva v. San Pablo Police Dep't,* No. 16-cv-04360-VC (KAW), 2018 WL 358789, at *3 (N.D. Cal. Jan. 11, 2018) ("Plaintiffs may seek information on what the

1    City's customs, policies, or practices are . . . ."). The City has produced a written policy and
2    argues this should be sufficient. But Mr. Rubalcava has elicited testimony from the individual
3    officer defendants suggesting that at least some aspects of the written policy may be subject to
4    more than one interpretation or that the written policy did not reflect the *actual* policy of the SJPD
5    or that the written policy left some things to an individual officer's discretion. In these
6    circumstances, Mr. Rubalcava is entitled to learn from SJPD what its policy was. It follows that,
7    if the SJPD relies on Policy L 4600 as a complete expression of what its policy was, then Mr.
8    Rubalcava is entitled to learn from the SJPD what that written policy purports to communicate.
9    *See, e.g.*, Dkt. No. 164 at 6 ("And the City has maintained that the written policies provide all the
10   information Plaintiff seeks.").

11   At the hearing on this motion, Mr. Rubalcava disavowed any effort to obtain the City's
12   testimony about whether any particular conduct at issue in the case does or does not comply with
13   the SJPD's policy, or how the policy would apply to the officers' conduct about which Mr.
14   Rubalcava complains. Those representations are consistent with the line drawn by other district
15   courts that have expressly considered the distinction between fact and opinion testimony in similar
16   circumstances. *See, e.g., Silva*, 2018 WL 358789, at *1 (barring questioning of Rule 30(b)(6)
17   deponent regarding whether officers' conduct was "in accordance with the policies, customs
18   and/or practices of" the municipality and its police department); *Dagdagan v. City of Vallejo*, 263
19   F.R.D. 632, 635 (E.D. Cal. 2010) (same).

20   To the extent the City suggests that the SJPD has no "unitary organizational position" on
21   what its policy was in 2002 and that any such policy could be gleaned only by "aggregate[ing] the
22   expertise of an entire police department," *see, e.g.*, Dkt. No. 164 at 3, such a suggestion is
23   implausible and unpersuasive. Clearly, the SJPD had an official policy that was intended as a
24   normative guide for eyewitness identifications. The City conceded as much when it produced
25   Policy L 4600 to Mr. Rubalcava as evidence of such a policy. Mr. Rubalcava's efforts to discover
26   what that official policy was do not require the aggregation of individual officers' "expertise."

27       **B.    Vague and Overbroad**
28       The City objects that to the extent Mr. Rubalcava seeks testimony about "application of the

4

1  [L 4600] policy to SJPD officers and their investigative activities," it is vague and overbroad. *Id.*
2  at 4. The Court agrees that this portion of the noticed topic does not describe the matter for
3  examination with reasonable particularity. And to the extent Mr. Rubalcava intended this
4  language to require a designee to testify about the application of the policy to particular activities
5  or conduct, he has since disavowed any such intent.

### C. Unduly Burdensome

The City argues that it would be unduly burdensome to require it to prepare a designee to testify about a policy as it existed more than 20 years ago. *Id.* at 5. Specifically, the City explains: "All the officers who would have trained on [the identification procedures] have long since left SJPD, and there are no materials in the City's possession that reflect a unified view of how command staff or officers applied SJPD identification procedures." *Id.* This argument misses the mark, as Mr. Rubalcava does not seek testimony about what individual officers or command staff understood or how they applied the identification procedures; he seeks testimony about what the official policy was in 2002. In any event, at the hearing, the City explained that the information Mr. Rubalcava seeks is no longer reasonably available to the SJPD due to the passage of time.

Mr. Rubalcava responds that the SJPD's current written policy for eyewitness identifications is virtually identical to the written policy in effect in 2002, and in those circumstances, the City should produce a witness who can testify about the current policy and about how it may have changed over time, to the extent that information is known to the SJPD. *See id.* at 9-10. At the hearing, the City acknowledged that there have been few changes to the written policy since 2002, but it says that evidence regarding the current policy is irrelevant to any claim or defense in the case.

In the first instance, the City should prepare a witness to testify about what the SJPD's eyewitness identification policy was in 2002, to the extent that information is reasonably available to the City. If the information is not reasonably available, given that the written policy has remained virtually the same during the past 20 years, it is neither unreasonable nor unduly burdensome to require the City to prepare a witness to testify about the current policy and how it

5

has changed since 2002, to the extent that information is reasonably available to the City. The question of whether any such testimony may be admitted in evidence at trial need not be resolved at this time.

## IV. CONCLUSION

Accordingly, Mr. Rubalcava may take the Rule 30(b)(6) deposition of the City regarding the SJPD's policy on identifications, including the meaning of Policy L 4600, as it existed during the period relevant to the investigation of Mr. Rodriguez's shooting. If the City is unable to prepare a witness to testify fully and completely on that topic because the information is no longer reasonably available, it shall prepare a witness to testify regarding the current policy and how it has changed since the period relevant to the investigation.

The Court notes that fact discovery closes on March 10, 2023. Dkt. No. 114 at 2. The parties should confer promptly to schedule a date for this deposition that affords the City adequate time to prepare its designee. Once they have selected a date for the deposition, if that date is after March 10, 2023, the parties shall file a stipulated request and proposed order for a modification to the case schedule to accommodate this deposition.

**IT IS SO ORDERED.**

Dated: March 9, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge