UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-04191-BLF  (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANTS' RESPONSES TO PLAINTIFF'S CONTENTION INTERROGATORIES**<br><br>Re: Dkt. No. 175 |

Plaintiff Lionel Rubalcava and defendants City of San Jose, Joseph Perez, Topui Fonua, Steven Spillman, Rafael Nieves, and Ramon Avalos (collectively, "Defendants") ask the Court to resolve their dispute concerning Defendants responses to three of Mr. Rubalcava's contention interrogatories.  Dkt. No. 175.  The Court finds this matter suitable for resolution without oral argument.  Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that Defendants must fairly respond to Mr. Rubalcava's contention interrogatories.

## I.　　BACKGROUND

In this action, Mr. Rubalcava asserts claims for violations of his federal constitutional rights and violations of state law arising from his wrongful conviction in 2003 for the attempted murder of Raymond Rodriguez.  Dkt. No. 118.  In his amended complaint, Mr. Rubalcava alleges, among other things, that defendant police officers fabricated evidence of his guilt and of his participation in a war among factions of the Norteño gang.  He contends that this misconduct was a critical factor in his wrongful conviction and lengthy prison sentence.  Dkt. No. 118 ¶¶ 7-9, 116-119, 126-128, 138, 143-144, and Counts 1-4.  Defendants deny these allegations.

United States District Court<br>Northern District of California

At issue in this dispute are three contention interrogatories directed to Defendants:

> CONTENTION INTERROGATORY NO. 1:  Do you contend that Lionel Rubalcava is the person who shot Raymond Rodriguez on April 5, 2002? If so, identify all evidence supporting this contention.
>
> CONTENTION INTERROGATORY NO. 2:  Do you contend that the Rodriguez shooting was committed for the benefit of, at the direction of, or in association with West Side Mob? If so, identify all evidence supporting this contention.
>
> CONTENTION INTERROGATORY NO. 3:  Do you contend that the Rodriguez shooting was committed as a result of, or in relation to, a feud or conflict between the Varrio Horseshoe and West Side Mob gangs? If so, identify all evidence supporting this contention.

Dkt. No. 175-1.  Defendants have not answered any of these interrogatories "yes" or "no"; instead, they provide virtually identical answers to each interrogatory, including the following statement:

> Defendants respond that they cannot possibly know about events occurring over twenty years ago and thus cannot say definitively whether Lionel Rubalcava was guilty of the offense for which he was convicted. There is and was, however, considerable evidence suggesting such guilt, and that evidence certainly provided a valid basis for Defendants to investigate Rubalcava and for the jury at his criminal trial to convict him.

*Id.* (response to Contention Interrogatory No. 1).  With respect to supporting evidence, for each interrogatory Defendants respond, in part, that "[t]he evidence supporting this contention is contained in the voluminous evidentiary record in this case, including the entirety of the transcript of the preliminary hearing and criminal trial concerning the shooting, as well as the legal holding and verdict following those proceedings," "information contained in police reports, witness statements, and other documented evidence . . . provided in discovery," and "the testimony in deposition of each of the Defendants and other witnesses in this matter."  *Id.*

## II.    DISCUSSION

For each interrogatory, Mr. Rubalcava argues that Defendants do not respond to the question posed and do not specify the evidence on which they rely for each contention.  Dkt. No. 175 at 2-6.  Defendants say that they have fully responded to all three interrogatories.  *Id.* at 7-10.

Rule 33 requires a responding party to answer each interrogatory, to the extent it is not

United States District Court
Northern District of California

1   objected to, separately and fully in writing under oath.  Fed. R. Civ. P. 33(a)(3).[1]

2         Defendants have not expressly answered any of these contention interrogatories, each of

3   which should be answered "yes" or "no."  Instead, Defendants answer each interrogatory with a

4   different contention—i.e., "[t]here is and was . . . considerable evidence suggesting such guilt, and

5   that evidence certainly provided a valid basis for Defendants to investigate Rubalcava and for the

6   jury at his criminal trial to convict him."  Dkt. No. 175-1.  Nothing in Rule 33 precludes

7   Defendants from volunteering this other contention, but they may not avoid answering the

8   question posed by providing an answer to a different question.

9         If Defendants' answer to each contention interrogatory is "no," then they must so state, and

10  no further response is required.  If their answer to any one of these interrogatories is "yes," then

11  they must fairly respond by identifying the evidence on which they rely to support each

12  contention.  Such an identification must be *specific* to each contention.  Citing all evidence

13  introduced at trial or the preliminary hearing that preceded the 2003 conviction, and all evidence

14  obtained in discovery in this action, does not fairly meet Defendants' obligations to respond to

15  these interrogatories, which call for evidence supporting contentions on particular points of fact.

16  As fact discovery is complete, there is no reason Defendants should not be able to respond to the

17  "identify all evidence" portion of each interrogatory for which Defendants answer "yes."

18  *See Rubalcava v. City of San Jose,* No. 20-cv-04191-BLF (VKD), 2022 WL 2668379, at *3 (N.D.

19  Cal. July 11, 2022)*; Tennison v. City and Cnty. of San* Francisco, 226 F.R.D. 615, 619 (N.D. Cal.

20  2005).

21  **III.    CONCLUSION**

22        Defendants must fully respond to Mr. Rubalcava's Contention Interrogatories Nos. 1-3 by

23  May 31, 2023.

24        **IT IS SO ORDERED.**

25  Dated: May 22, 2023

26                            VIRGINIA K. DEMARCHI
                          United States Magistrate Judge

27

28  ----
[1] Defendants do not rely on any objections for purposes of this dispute.

*United States District Court*
*Northern District of California*

3