UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>   Defendants. | Case No. 20-cv-04191-BLF  (VKD)<br><br>**ORDER RE PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUESTS FOR ADMISSIONS**<br><br>Re: Dkt. No. 176 |

Plaintiff Lionel Rubalcava and defendants City of San Jose, Joseph Perez, Topui Fonua, Steven Spillman, Rafael Nieves, and Ramon Avalos (collectively, "Defendants") ask the Court to resolve their dispute concerning Mr. Rubalcava's responses to several of Defendants' requests for admissions. Dkt. No. 176. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that Mr. Rubalcava's responses to Defendants' Requests for Admissions Nos. 27-44 satisfy the requirements of Rule 36.

**I.  BACKGROUND**

In this action, Mr. Rubalcava asserts claims for violations of his federal constitutional rights and violations of state law arising from his wrongful conviction in 2003 for the attempted murder of Raymond Rodriguez. Dkt. No. 118. In his second claim for relief, Mr. Rubalcava alleges that Defendants "with[held] material exculpatory and impeachment evidence from prosecutors and the defense in violation of the Constitution and *Brady v. Maryland*, 373 U.S. 83 (1963)," including several specific categories of information. *Id.* ¶¶ 193-194.

Defendants dispute these allegations. Among other things, Defendants say that at least

some of the information Mr. Rubalcava claims was improperly withheld was, in fact, disclosed to his criminal defense counsel in advance of trial. Dkt. No. 176 at 2-3. Defendants served requests for admissions on Mr. Rubalcava seeking to establish the fact of these disclosures. Dkt. No. 176-1 (RFAs 27-44). Mr. Rubalcava did not admit or deny these requests. Rather, he responded to each by objecting that the requests "seek[] information that is outside of Plaintiff's knowledge and is uniquely within the custody of third parties," admitting certain subsidiary facts, and describing why he "lacks sufficient information to admit or deny this Request at this time." Dkt. No. 176-2 (RFAs 27-44).

## II.     DISCUSSION

Rule 36 provides, in relevant part:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . .
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(3), (4). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

Defendants argue that Mr. Rubalcava has no good-faith basis to deny their requests for admission in view of the evidence Defendants have mustered, which Defendants say "unequivocally" establish the truth of the matters in the requests. Dkt. No. 176 at 5. While Defendants are correct that "a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him," *Asea*, 669 F.2d at 1245, that is not what Mr. Rubalcava has done. Indeed, Mr.

Rubalcava concedes in his answers many of the subsidiary facts that Defendants say support the truth of the matters described in the requests, while at the same time explaining why those facts do not compel an admission. Mr. Rubalcava does not basis his answers on mere "metaphysical or epistemological" uncertainty, as Defendants contend. Rather, he disagrees that the existing record compels his admissions, and has explained in detail why he takes this position. *See* Dkt. No. 176 at 5-8. Unlike the cases on which Defendants rely, the Court is not persuaded that Mr. Rubalcava failed to comply with his obligation to respond as required to Defendants' Requestions for Admissions Nos. 27-44.

## III. CONCLUSION

The Court denies Defendants' request for an order deeming the matters in Requests for Admissions Nos. 27-44 admitted or requiring Mr. Rubalcava to admit or deny those matters.

**IT IS SO ORDERED.**

Dated: May 22, 2023

*[signature: Virginia K. DeMarchi]*

VIRGINIA K. DEMARCHI
United States Magistrate Judge