UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 20-cv-04191-BLF   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE NUMBER OF INTERROGATORIES DEFENDANTS MAY SERVE**<br><br>Re: Dkt. No. 177 |

Plaintiff Lionel Rubalcava and defendants City of San Jose, Joseph Perez, Topui Fonua, Steven Spillman, Rafael Nieves, and Ramon Avalos (collectively, "Defendants") ask the Court to resolve their dispute concerning whether Defendants' may obtain answers to 15 interrogatories they served on Mr. Rubalcava on February 8, 2023. Dkt. No. 177. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

In June 2021 the parties asked the Court to resolve a dispute about whether defendants affiliated with the City of San Jose could serve more than the default 25 interrogatories Rule 33(a) allows a "party" to serve. *See* Dkt. No. 83. In its July 2, 2021 order resolving that dispute, the Court noted the "substantial overlap in the positions taken and interests asserted by all City Defendants," as well as the "distinct interests of the individual defendants." *Id.* at 2. Taking these considerations into account, the Court resolved the dispute as follows:

> [T]he Court will permit City Defendants collectively to serve no more than 25 interrogatories on Mr. Rubalcava and will permit each individual defendant to serve no more than three additional interrogatories on Mr. Rubalcava. It may be that City Defendants collectively, or a particular individual defendant, require additional interrogatories. *See* Fed. R. Civ. P. 33 advisory committee's note,

subdivision (a), 1993 amendment ("The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device."). If so, the parties shall confer regarding such additional interrogatories and may stipulate to increase the number set in this order, or City Defendants (or any one of them) may ask the Court for relief using the discovery dispute resolution procedure.

*Id.* At the time of the order, there were 11 individual defendants affiliated with the City of San Jose. Dkt. No. 81 at 2. Shortly thereafter, Mr. Rubalcava's *Monell* claim against the City of San Jose was dismissed, and Mr. Rubalcava's federal claims against six of the individual defendants affiliated with the City were also dismissed. *See* Dkt. No. 88. On November 4, 2021, Mr. Rubalcava filed an amended complaint, naming the City and the five current City-affiliated individual defendants. Dkt. No. 118. Thus, as of November 4, 2021, only five City-affiliated individual defendants remained in the case.

So far, Mr. Rubalcava has responded to 33 of Defendants' interrogatories. Dkt. No. 177 at 2. Defendants say that, based on the number of individual defendants in the case at the time of the Court's July 2, 2021 order, they are entitled to serve a total of 58 interrogatories (25 "collective" + (11 individual defendants x 3) = 58). *Id.* Mr. Rubalcava says that because only five individual defendants remain in the case, Defendants are entitled to serve a total of 40 interrogatories (25 "collective" + (5 individual defendants x 3) = 40). *Id.* at 6.[1] The Court agrees with Mr. Rubalcava that a fair reading of the Court's order is that the number of interrogatories beyond the "collective" number of 25 was tied to the number of individual defendants in the case. Thus, as of November 4, 2021, Defendants were entitled to serve a total of 40 interrogatories, absent leave of Court to expand that number. *See* Fed. R. Civ. P. 33(a)(1).

Defendants did not seek leave of Court to serve more than 40 interrogatories before serving 15 interrogatories on Mr. Rubalcava on February 8, 2023. In fact, Defendants did not seek leave until 13 days *after* the close of fact discovery. *See* Dkt. No. 177 at 9. This is too late.

Even if the Court were to overlook Defendants' delay, the Court is not persuaded that leave

---

[1] Given the communications between the parties, the Court finds no basis to conclude that Mr. Rubalcava waived his objection to the number of interrogatories Defendants served.

2

is warranted on the merits. While Defendants argue that the 15 interrogatories concern matters of "central importance," *id.* at 5-6, their argument is provided in a vacuum and without regard to the other means of discovery (including other interrogatories) Defendants have already employed to obtain information from Mr. Rubalcava.

Accordingly, the Court denies Defendants' request for an order compelling Mr. Rubalcava to answer all 15 interrogatories. Defendants may identify which seven of the 15 interrogatories it wishes Mr. Rubalcava to answer. Mr. Rubalcava must serve responses to those seven interrogatories within 21 days of receiving Defendants' identification.

**IT IS SO ORDERED.**

Dated: May 22, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge