Nick Brustin, NY Bar No. 2844405*
Email: nick@nsbhf.com
Anna Benvenutti Hoffmann, NY Bar No. 4412011*
Email: anna@nsbhf.com
Amelia Green, NY Bar No. 5428412*
Email: amelia@nsbhf.com
Christina Matthias, NY Bar No. 5433099*
Email: cmatthias@nsbhf.com
Sophia Villarreal, CA Bar No. 338923
Email: sophia@nsbhf.com
Mary Katherine McCarthy, NY Bar No. 5583141*
Email: katie@nsbhf.com
NEUFELD SCHECK BRUSTIN
HOFFMANN & FREUDENBERGER, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
*Admitted Pro Hac Vice

Lara Bazelon, State Bar No. 218501
Email: lbazelon@usfca.edu
2139 Fulton Street, Ste. 211
San Francisco, CA 94117
Telephone: 415-422-6202

Attorneys for Plaintiff Lionel Rubalcava

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 5:20-cv-04191-BLF<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO INTRODUCE EVIDENCE OF INNOCENCE**<br><br>Date: April 23, 2024<br>Time: 1:30 p.m.<br>Courtroom: 1, 5th Floor<br>Judge: Beth Labson Freeman |

This § 1983 trial seeks to hold Defendants liable for causing Plaintiff's wrongful conviction and 17 years imprisonment for a shooting he did not commit. An independent investigation by the DA's office led it to concede that Plaintiff was actually innocent; after vacating Plaintiff's conviction the Santa Clara Superior Court then made an express finding of Plaintiff's actual innocence. Defendants seek to preclude any evidence or argument about Plaintiff's innocence at trial. But as explained below, Plaintiff's factual innocence is highly relevant to both liability and damages. Plaintiff must be allowed to introduce evidence of innocence at trial, including through judicial notice and/or evidence of the DA stipulation and court finding of factual innocence and through evidence establishing factual innocence, including witness and expert evidence establishing Plaintiff's alibi.[1] *See, e.g.* Joint Proposed Exs. 99, 100, 117; Plaintiff's Proposed Exs. 192–93, 210.

Courts around the country have recognized that evidence of innocence is relevant and admissible at § 1983 wrongful conviction trials like this one. *See, e.g., Gilliam v. Allen*, 62 F.4th 829, 838–40 (4th Cir. 2023) (holding district court did not err in admitting pardons on grounds of actual innocence, prohibiting defendants from impeaching them, and stating plaintiffs were "innocent for purposes of this trial" during the case in chief); *Restivo v. Hessemann*, 846 F.3d 547, 559 (2d Cir. 2017) (noting although innocence was not an element of plaintiffs' § 1983 claims "the evidence of their innocence provides an important backdrop for their claims at trial"); *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014) (holding district court properly admitted evidence of innocence, which was relevant to liability and damages); *see also Jimenez v. City of Chicago*, 732 F.3d 710, 713 (7th Cir. 2013) (describing evidence of innocence admitted at § 1983 wrongful conviction trial); *Smith v. Depasquale*, 727 Fed. Appx. 411, 411–12 (9th Cir. 2018) (same). As one district court summarized: "[i]t is well settled that evidence of innocence is relevant to both liability and damages in any wrongful prosecution case where the factual premise of actual innocence remains in dispute." *Sanford v. Russell*, 531 F. Supp. 3d 1221, 1224 (E.D. Mich. 2021).

---

[1] Defendants have suggested they may stipulate to some of this evidence, although they dispute its relevance.

Indeed, in 2006, the Ninth Circuit took the extraordinary step of granting a mandamus order to reverse a pretrial ruling excluding evidence of innocence from a § 1983 wrongful conviction trial: "Evidence of actual innocence is both relevant and not subject to exclusion under Federal Rule of Evidence 403." *In re Herman Atkins*, No. 06-74094 (9th Cir. Aug. 22, 2006).

**Innocence is relevant to liability.**

Innocence is circumstantial evidence highly relevant to liability. The central disputed issue in this case is what happened during the initial, unrecorded identification procedures Defendants conducted with victim Raymond Rodriguez, his brother Eric Millan, and neighbor David Gonzalez, Jr. Plaintiff contends that these witnesses initially did not identify him as the shooter, and that Defendants fabricated their reports about these procedures, buried exculpatory statements provided by the witnesses, and used improper suggestion to obtain any eventual identifications. Defendants deny these claims; their contention is that three separate witnesses independently, immediately, and positively identified Plaintiff as the shooter. As Defendants themselves admit, it is "implausibl[e]…that several witnesses coincidentally picked out the wrong person." D.E. 199 at 24.[2] Eyewitness identification experts for both sides agree. *See* D.E. 216-2, Report of Plaintiff's expert Dr. Dysart at 6 (opining that if Mr. Rubalcava is factually innocent—"meaning Mr. Rubalcava is not the person the witnesses observed commit the shooting—the police account becomes even less likely based on the scientific research"); D.E. 221-1, Report of Plaintiff's expert Dr. Wixted at 11–12 (opining that if what the police reported is true—that witnesses made high confidence identifications of Mr. Rubalcava without suggestion during initial ID procedures—that would suggest the identifications were likely to be "highly accurate" in that Mr. Rubalcava's face matched their memory of the perpetrator).

In other words, Plaintiff's factual innocence—that he was not the shooter the witnesses saw—makes Defendants' factual contention *less* likely and Plaintiff's contention *more* likely. This makes evidence of innocence relevant and admissible. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077–79 (9th Cir. 2019) (holding district court committed reversible error excluding evidence which

---

[2] All citations to docket entries use internal pagination.

tended to support plaintiff's contention of what happened in critical interaction with officer); Fed. R. Evid. 401, 402. Indeed, Defendants themselves appear to recognize the factual significance of Plaintiff's actual innocence to his claims that they committed misconduct during the investigation. Despite the lack of evidence of Plaintiff's guilt (no victim or witness now contends he was the shooter), Defendants continue to contend that Plaintiff is guilty—because to concede innocence would be to admit their own misconduct.

Innocence is also directly relevant to some of Plaintiff's claims. For example, one method of proving fabrication of evidence is through proof that "[d]efendants continued their investigation of [plaintiff] despite the fact that they knew or should have known that he was innocent." *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 569 (9th Cir. 2022). And evidence of innocence—including in particular the vacatur, dismissal of charges, and judicial declaration of innocence that marked the final conclusion of the criminal proceedings— "is relevant to show the complete procedural history of [Plaintiff's] criminal case." *Howard v. City of Durham*, 68 F.4th 934, 960 (4th Cir. 2023).

**Innocence is relevant to damages.**

Evidence of innocence is also undoubtedly relevant to damages because a jury can conclude that a plaintiff who was wrongfully imprisoned through no fault of his own suffered a more severe deprivation than a plaintiff who committed a crime but was released on a technicality. *See Parish v. City of Elkhart*, 702 F.3d 997, 1003 (7th Cir. 2012) (reversing damages verdict for erroneous exclusion of "evidence relating to [the plaintiff's] innocence…[which was] critical to the damages issue"); *Ayers*, 773 F.3d at 169; *Jones v. Cannizzaro*, No. CV 18-503, 2021 WL 218040, at *4 (E.D. La. Jan. 21, 2021) (holding evidence of innocence is admissible because "the jury award for a factually innocent man will be much higher than the award for a factually guilty one").

**Evidence of innocence, including evidence of the conclusion of criminal proceedings, is necessary to balance prejudice of inadmissible evidence.**

In addition, evidence of innocence is crucial to remove the prejudice and stigma caused by the prior conviction and the purported evidence of guilt. Under normal circumstances, the fact that Plaintiff had been convicted of the Rodriguez shooting would be inadmissible at trial, given that the

conviction has been vacated, all charges have been dismissed, and he has been declared factually innocent. The conviction is not admissible under Rule 803(22), which permits the admission of certain "final judgment[s] of conviction," because where "all convictions…were vacated and underlying indictments ordered dismissed, there remains no outstanding criminal judgment." *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1198 (9th Cir. 2020). Nor would it be admissible for impeachment for the same reasons. *See, e.g.,* Fed. R. Evid. 609 (c)(2) ("Evidence of a conviction is not admissible if … the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.").

Obviously, in a case *about* the wrongful conviction, the jury must learn that Plaintiff was convicted. But the concern that the jury will draw an impermissible inference from the prior jury verdict remains. Other district courts presiding over wrongful conviction trials have described this same reasoning for admitting innocence evidence: "The issue in this case was not, as defendants point out, whether Newsome was guilty or innocent of the crime. But that is what it would have become if the fact of Newsome's innocence…had been kept from the jury. Excluding that evidence…would have invited the jurors to draw the impermissible inference that he was actually guilty, and, thus, absolve defendants of any misconduct." *Newsome v. McCabe*, No. 96 C 7680, 2002 WL 548725, at *6 (N.D. Ill. Apr. 4, 2002), *aff'd*, 319 F.3d 301 (7th Cir. 2003). On the flip side, the Seventh Circuit found that the district court abused its discretion by excluding evidence of innocence under Rule 403, necessitating a retrial. When "[s]ignificant testimony as to [the plaintiff's] guilt of the crime, and particularly the testimony of eyewitnesses identifying him, was admitted," but evidence of his innocence was not, "the deck was effectively stacked against [the plaintiff]." *Parish*, 702 F.3d at 999.[3]

Indeed, even where (unlike here) plaintiff's innocence was wholly irrelevant to the claims being litigated, courts have found like evidence admissible on this ground alone: "the fact that Plaintiff's conviction was overturned and that he was found to be factually innocent is necessary to

---

[3] In *Parish*, the jury reached a plaintiff's liability verdict anyway, and so the exclusion of innocence evidence only affected the jury's damages determination.

dispel any prejudice resulting from the jury's likely and understandable assumption that Plaintiff was in custody because he committed a crime." *Richards v. Pickett*, No. ED-CV-18912, 2023 WL 9005631, at *4 (C.D. Cal. June 30, 2023); *see also Carr v. Cnty. of San Diego,* No. 19-CV-1139 JLS (MDD), 2022 WL 2161513, at *8 (S.D. Cal. June 15, 2022); *Cardinal v. Buchnoff,* No. 06CV0072-MMA BLM, 2010 WL 3339509, at *3 (S.D. Cal. Aug. 23, 2010).

**There is no other basis to exclude this critical evidence.**

"That evidence may decimate an opponent's case is no ground for its exclusion under 403. The rule excludes only evidence where the prejudice is 'unfair'—that is, based on something *other* than its persuasive weight." *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003). The Court will instruct the jury on the heavy burden Plaintiff faces to prove his § 1983 claims—which require a finding of Defendants' misconduct, not Plaintiff's innocence. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (holding "a jury is presumed to follow the instructions given to it…and the presumption is a strong one") (cleaned up). Nor will Plaintiff ever suggest he is entitled to a verdict or damages based on sympathy or his innocence alone. But Plaintiff must be able to present critical factual evidence to meet his heavy burden, including the compelling evidence of his actual innocence.

Dated: April 4, 2024                Respectfully submitted,

**NEUFELD SCHECK BRUSTIN HOFFMANN & FREUDENBERGER, LLP**

By: */s/ Anna Benvenutti Hoffmann*
ANNA BENVENUTTI HOFFMANN

*Attorneys for Plaintiff Lionel Rubalcava*

**CERTIFICATE OF SERVICE**

I, Alfred Taylor, being over eighteen years of age, hereby certify that a true and accurate copy of the foregoing Motion *in Limine* No. 1 to Introduce Evidence of Innocence was served by ECF on April 4, 2024, on the following:

Matthew Pritchard (Matthew.Pritchard@sanjoseca.gov)
Office of the City Attorney
200 East Santa Clara Street, 16th floor
San Jose, CA, 95113

Avi Kamionski (akamionski@nklawllp.com)
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661

Ephraim R. Siff (esiff@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

Mayer Engelsberg (mengelsberg@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

Natalie Yetunde Adeeyo (nadeeyo@nklawllp.com)
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661

Shneur Nathan (snathan@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

*Attorneys for Defendants*

/s/ *Alfred Taylor*
Alfred Taylor

*Paralegal*