*Counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LIONEL RUBALCAVA,

      Plaintiff,

          vs.

THE CITY OF SAN JOSE, et al.,

      Defendants.

Case No. 5:20-cv-04191-BLF

**JOINT [PROPOSED] JURY INSTRUCTIONS**

Date: April 23, 2024
Time: 1:30 p.m.
Courtroom: 1, 5th Floor
Judge: Beth Labson Freeman

**Stipulated Instruction No. 1 re: Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Authority:** Ninth Circuit Jury Committee, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, Model Instruction 1.3 (2017 ed. updated 2023).

**Stipulated Instruction No. 2 re: Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.4.

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Stipulated Instruction No. 3 re: Overview of Claims and Intent Standard[1]**

To help you follow the evidence, I will give you a brief summary of the position of the parties:

In this case, the Plaintiff, Lionel Rubalcava, alleges four claims against Defendants Joe Perez, Steven Spillman, and Topui Fonua. First, Plaintiff Rubalcava claims that Defendants Perez, Spillman, and Fonua violated his right to due process and a fair trial by fabricating evidence against him.

Second, Plaintiff Rubalcava claims that Defendants Perez, Spillman, and Fonua deliberately or recklessly suppressed favorable evidence, thereby depriving him of a fair trial.

Third, Plaintiff Rubalcava claims that Defendants Perez, Spillman, and Fonua maliciously caused Plaintiff Rubalcava's criminal prosecution.

Fourth, Plaintiff Rubalcava claims that Defendants Perez, Spillman, and Fonua conspired together to violate Plaintiff Rubalcava's constitutional rights to due process and a fair trial.

The Defendants deny each of Plaintiff Rubalcava's claims and theories, and they contend that Plaintiff Rubalcava's factual allegations are without basis.

For each claim against each Defendant, Plaintiff Rubalcava has the burden of proof.


**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.5. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 897 (9th Cir. 2014) ("A § 1983 plaintiff must show that police officers acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from prosecutors." (citing *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009)); *Gantt v. City of Los Angeles*, 717 F.3d 702, 707-09 (9th Cir. 2013) (approving jury instruction: "Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." (internal citations omitted)).

---

[1] Plaintiff agrees with Defendants on this instruction but proposes referring to Mr. Rubalcava by name, rather than as "Plaintiff Rubalcava."

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Stipulated Instruction No. 4 re: Preponderance of the Evidence Standard**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**<u>Authority:</u>** Ninth Circuit Model Civil Jury Instruction 1.6.

**Disputed Instruction No. 5 re: Burden of Proof— Clear and Convincing Evidence, offered by Defendants**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority:** Ninth Circuit Model Civil Jury Instruction 1.7 (citing *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (defining clear and convincing evidence); *Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir. 2004)).

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 5**

Plaintiff contends that this instruction should not be given. It is irrelevant and will only confuse the jury.

JOINT [PROPOSED] JURY INSTRUCTIONS                                    5:20-cv-04191-BLF

**Stipulated Instruction No. 6 re: Two or More Parties—Different Legal Rights**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**Authority:** Ninth Circuit Model Civil Jury Instruction 1.8.

**Stipulated Instruction No. 7 re: What is Evidence**

The evidence you are to consider in deciding the facts consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.9.

**Stipulated Instruction No. 8 re: What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.10.

**Stipulated Instruction 9 re: Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Authority:** *United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir. 1998) (when trial court fails to instruct jury in its final instructions regarding receipt of evidence for limited purpose, Ninth Circuit examines trial court's preliminary instructions to determine if court instructed jury on this issue). 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.10, 1.11, 2.9.

**Stipulated Instruction No. 10 re: Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. Other evidence, however, such as a turned-on garden hose, may provide a different explanation for the wet sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.12.

**Stipulated Instruction No. 11 re: Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.13.

**Stipulated Instruction No. 12 re: Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.14.

**Stipulated Instruction No. 13 re: Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with anyone else including your family members, your employer, the media or press, and the people involved in the trial. You may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the

witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.15. The practice in federal court of repeatedly instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir. 1999).

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Stipulated Instruction No. 14 re: No Transcript**

      I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**<u>Authority:</u>** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.17.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Stipulated Instruction No. 15 re: Taking Notes**

 If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

 Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.18. It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir. 1993).

**Stipulated Instruction No. 16 re: Questions to Witnesses by Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.19.

**Stipulated Instruction No. 17 re: Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.20.

**Stipulated Instruction No. 18 re: Outline of a Trial[2]**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The plaintiff will then call witnesses and present evidence in his affirmative case. The defendants will examine the witnesses and may present evidence in response. After the plaintiff completes his affirmative case, the defendants will call witnesses and present evidence. The plaintiff will examine the witnesses and may present evidence in response. To be most efficient with your time, the parties have agreed to avoid calling the same witness more than once as much as possible.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 1.21.

---

[2] Plaintiff agrees with Defendants on this instruction but proposes referring to Mr. Rubalcava by name, rather than as "the plaintiff."

JOINT [PROPOSED] JURY INSTRUCTIONS                              5:20-cv-04191-BLF

**Stipulated Instruction No. 19 re: Cautionary Instructions**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

**<u>Authority:</u>** Ninth Circuit Model Civil Jury Instruction 2.0.

**Stipulated Instruction No. 20 re: Stipulations of Fact**

The parties have agreed to certain facts to be placed in evidence as Exhibit ___. You must therefore treat these facts as having been proved.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 2.2

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Stipulated Instruction No. 21 re: Deposition in Place of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in place of live testimony, in the same way as if the witness had been present to testify.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 2.4

**Stipulated Instruction No. 22 re**: **Transcript of Recording in English**

You may hear a recording that has been received in evidence. Please listen to it very carefully. Each of you may be given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 2.5. *See United States v. Delgado*, 357 F.3d 1061, 1070 (9th Cir. 2004), *abrogated on other grounds by United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (holding that district court properly instructed jury that transcripts were only aids to understanding and that recordings themselves were evidence); *United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (noting that recording itself is evidence to be considered; transcript is merely aid).

**Disputed Instruction 23 re: Law Enforcement Witnesses, offered by Plaintiff**

You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement.

**Authority:** *Darbin v. Nourse*, 664 F.2d 1109, 1114–15 (1981); *United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002); Fifth Circuit Pattern Civil Jury Instruction 2.15 (2020).

**Defendants' Statement re: Plaintiff's Proposed Instruction No. 23**

Defendants contend that this instruction should not be given. Its contents and substance are fully covered in other instructions concerning the jury's evaluation of witnesses. A separate instruction as Plaintiff proposes would draw undue attention to the issue and suggest the Court is singling law-enforcement testimony out as in need of a particular instruction on credibility.

JOINT [PROPOSED] JURY INSTRUCTIONS                                    5:20-cv-04191-BLF

**Stipulated Instruction No. 24 re: Transcript of Recording in Foreign Language[3]**

You may hear a recording in the Spanish language, and you may be given a transcript containing an English-language translation of the recording.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the interpreter's translation contained in the transcript and disregard any different meaning of the non-English words.

**Authority:** Ninth Circuit Model Civil Jury Instruction 2.6.

---

[3] Plaintiff believes that this instruction may not be relevant, but to the extent such evidence is introduced, Plaintiff stipulates to this instruction.

**Stipulated Instruction No. 25 re**: **Foreign Language Testimony**[4]

You have heard testimony of a witness who will be testifying in Spanish. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 2.8. *See United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (holding that district court properly instructed jury that it must accept translation of foreign language tape-recording when accuracy of translation is not in issue); *United States v. Rrapi*, 175 F.3d 742, 746 (9th Cir. 1999); *United States v. Fuentes–Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995). *See also* 28 U.S.C. § 1827.

---

[4] Plaintiff believes that this instruction may not be relevant, but to the extent such evidence is introduced, Plaintiff stipulates to this instruction.

**Disputed Instruction No. 26 re: Impeachment Evidence—Witness, offered by Defendants**

The evidence that a witness has lied or testified consistently under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose. Evidence that a witness was convicted of a crime may also be considered along with all other evidence in evaluating the witness's credibility.

**Authority:** Ninth Circuit Model Civil Jury Instruction 2.9 (citing Fed. R. Evid. 608–09; *United States v. Hankey*, 203 F.3d 1160, 1173 (9th Cir. 2000) (finding that district court properly admitted impeachment evidence following limiting instruction to jury)).

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 26**

Plaintiff contends that this instruction should not be given because it is duplicative, potentially irrelevant, and inaccurate here. The substance of Defendants' proposed instruction is incorporated into Stipulated Instruction No. 12 re: Credibility of Witnesses. In this case, prior testimony is relevant for other purposes than merely impeachment, such as causation and Plaintiff's *Brady* claim. Defendants' proposed instruction is confusing, including because it is not clear how to treat a prior conviction which has been vacated.

JOINT [PROPOSED] JURY INSTRUCTIONS                                    5:20-cv-04191-BLF

**Stipulated Instruction No. 27 re: Expert Opinion**

You have heard testimony from experts who will testify about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 2.13. *See* Fed. R. Evid. 702–05.

**Stipulated Instruction No. 28 re: Charts and Summaries Not Received in Evidence[5]**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:** Ninth Circuit Model Civil Jury Instruction 2.14 (citing *United States v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991) (citing *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984)); *see also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A (2013)).

---

[5] Plaintiff believes that this instruction may not be relevant, but to the extent such evidence is introduced, Plaintiff stipulates to this instruction.

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Stipulated Instruction No. 29 re: Document Markings**

You will see a number of documents throughout the course of this trial that have various markings. Some markings will take the form of a word, such as "NSB-Rubalcava," "CCO_Rubalcava," or "SJ" followed by an underscore and/or a series of numbers. These numbers are called bates numbers and are akin to a serial number. The attorneys in this case add them to documents so that they can track documents in this case. Other markings might say "Confidential" and are placed there by the attorneys during the litigation. There is nothing unusual about these designations and you are to draw no inferences from the markings whatsoever.

**Stipulated Instruction No. 30 re: Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits, if necessary. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data device from the jury room, and do not copy any such data.

**Authority:** Ninth Circuit Model Civil Jury Instruction 2.16.

**Stipulated Instruction No. 31 re: Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 3.1 A jury verdict in a federal civil case must be unanimous, unless the parties stipulate otherwise. *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1451 (9th Cir. 1995) (citing *Johnson v. Louisiana*, 406 U.S. 356, 369-70 n.5 (1972)); *see also* Fed. R. Civ. P. 48(b).

**Stipulated Instruction No. 32 re: Consideration of Evidence - Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations: Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial

process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 3.2.

**Stipulated Instruction No. 33 re: Communication with the Court**

 If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except through a signed writing. I will not communicate with any member of the jury regarding anything concerning the case except in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 3.3.

**Stipulated Instruction No. 34 re: Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority:** 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instruction 3.5.

**Disputed Instruction No. 35 re: Introduction to Section 1983 Claim, offered by Defendants**

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**<u>Authority:</u>** Ninth Circuit Model Civil Instruction 9.1.

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 35**

Plaintiff contends this instruction is unnecessary because it is duplicative of information incorporated into other instructions.

**Disputed Instruction No. 36 re: Claims against Defendant in Individual Capacity—Elements and Burden of Proof, offered by Defendants**

In order to prevail on a § 1983 claim against each defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence as to each defendant:

1. The defendant acted under color of state law;

2. The acts of the defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and

3. The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants acted under color of state law with respect to their investigation of Raymond Rodriguez's attempted murder in 2002.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred but for that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instructions [XXX], your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**Authority:** Ninth Circuit Model Civil Jury Instructions 9.2 & 9.3 (citing *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.") ("To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 nn.11-12 (9th Cir. 2023) (defining causation-in-fact and proximate causation)).

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 36**

Plaintiff contends that this instruction should not be given because it is duplicative of information incorporated into the proposed instructions on Plaintiff's various claims and contradicts more specific guidance from the Ninth Circuit on causation for fabrication and *Brady* claims. Defendants' proposed instruction will also confuse a jury—"under color of state law" is a confusing concept and phrase—and is rendered unnecessary by the parties' stipulation that at all relevant times, Defendants were acting under color of state law. D.E. 278 at 7.

**Disputed Instruction No. 37 re: General Introduction to Constitutional Claims, offered by Plaintiff**

I will now instruct you on the law for Mr. Rubalcava's claims that Defendants violated his rights to due process and a fair trial. Mr. Rubalcava has presented a number of theories of how Defendants violated these rights. He need not prove all of these theories. If you find that Mr. Rubalcava has proven any one of these theories, then he has established that his rights were violated, and you must determine the amount of damages he receives. I will give you more specific instruction on damages later.

**Defendants' Statement re: Plaintiff's Proposed Instruction No. 37**

Defendants do not believe this instruction can be given because it is duplicative of other instructions and confusing in its discussion of claims versus theories. The instruction is also potentially inaccurate or misleading as a matter of law insofar as its conflation of claims and theories suggests the elimination of Plaintiff's burden of proof on some elements of his claims.

**Disputed Instruction No. 38 re: Fabrication of Evidence Claim, offered by Plaintiff**

First, I will address Mr. Rubalcava's claim that he was denied a fair trial because Defendants deliberately fabricated evidence.

To prove his fabrication of evidence claim, Mr. Rubalcava must prove: (1) that the defendant deliberately fabricated evidence, and (2) the deliberate fabrication caused his imprisonment.

There are three separate ways to prove that any one of the Defendants knowingly created or obtained false evidence, and Mr. Rubalcava only needs to prove one:

(A) that the Defendant deliberately reported something he knew not to be true, such as deliberately mischaracterizing a witness statement in an investigative report;

(B) that the Defendant continued his investigation even though he or she should have known that Mr. Rubalcava was innocent; OR

(C) that the Defendant used investigative techniques that were so coercive and/or abusive that he should have known that those techniques would yield false information, such as an unduly suggestive identification procedure.

Mr. Rubalcava can establish that Defendants used an unduly suggestive identification by showing that the Defendant:

    (i)     created one or more suggestive identification procedures, with the intention of obtaining an identification of Mr. Rubalcava whether or not he was in fact guilty;

    (ii)    that this procedure resulted in an identification of Mr. Rubalcava, even though he was innocent;

    (iii)   that the false identification was used against Mr. Rubalcava; and

    (iv)   that as a result, Mr. Rubalcava was deprived of his liberty.

Although Mr. Rubalcava alleges multiple instances of fabrication, to find in his favor you only must find that some evidence was deliberately fabricated and that the fabricated evidence caused his imprisonment. To find that the fabrication caused his imprisonment you need only find that there was a reasonable probability the result of the proceeding would have been different if the evidence had not

1  been fabricated. To determine whether fabricated evidence caused Mr. Rubalcava's imprisonment, you

2  must consider all of the evidence you find to be fabricated together, as a group, rather than piece by

3  piece. The fabricated evidence does not need to be the only cause of Mr. Rubalcava's imprisonment, it

4  is enough that it was a cause.

5      Finally, a law enforcement officer's subjective, or personal, belief in an individual's guilt is not

6  a defense to fabrication. It is equally unlawful for an officer to fabricate evidence against a suspect he

7  believes to be guilty of a crime as it is for him to fabricate evidence against a suspect he believes to be

8  innocent. Each person who has been accused of a crime has the right to have his innocence or guilt

9  determined in court on the basis of true evidence, not evidence that has been made up by the officers in

10  charge of the investigation.

11

12  **Authority:** D.E. 264 at 11–13, 16–17, 19–21. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017)

13  ("To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant

14  official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's

15  deprivation of liberty."); *id.* at 793 ("Deliberate fabrication can be established by circumstantial

16  evidence. For example, evidence that officials continued their investigation of [a person] despite the

17  fact that they knew or should have known that he was innocent…can raise the inference that the

18  investigator has an unlawful motivation to frame an innocent person.") (internal quotations omitted);

19  *id.* at 799 (explaining that deliberate fabrication can also be shown through direct evidence, for

20  example, "direct misquotation of witnesses in investigative reports"); *Caldwell v. City & Cnty. of San*

21  *Francisco*, 889 F.3d 1105, 1114–15 (9th Cir. 2018) (holding that an officer's memorialization of an

22  allegedly fabricated statement in his notes was sufficient to support a claim because there was a factual

23  dispute as to whether the officer "intentionally fabricated his notes"); *Devereaux v. Abbey*, 263 F.3d

24  1070, 1074-75 (9th Cir. 2001) (recognizing the "clearly established constitutional due process right not

25  to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by

26  the government" and that a plaintiff "must, at a minimum, point to evidence that supports at least one

27  of the following two propositions: (1) Defendants continued their investigation of [the plaintiff] despite

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information."); *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (Plaintiff can allege facts showing the relevant defendants continued their investigation of him "even though [they] knew or should have known that [he] was innocent", or showing that the relevant defendants "used investigative techniques that were so coercive and abusive that [they] knew or should have known that those techniques would yield false information"); *Brewster v. Shasta County*, 27 Fed. Appx. 908, 912–13 (9th Cir. 2001) ("It is clearly established that a suggestive procedure intended to produce a false identification would violate [an individual's] constitutional rights" and "intentionally engag[ing] in suggestive behavior prior to and during [a] photo array…leading to a false identification" constitutes such a suggestive procedure); *Gantt v. City of Los Angeles*, 717 F.3d 702, 707-09 (9th Cir. 2013) (holding that either intent-to-injure or deliberate-indifference standards of liability would satisfy the "shocks the conscience" standard for fabrication of evidence violative of due process); *Dang v. Cross*, 422 F.3d 800, 804–05 (9th Cir. 2005) ("[A] party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence.").

*Caldwell*, 889 F.3d at 1115 ("[Plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty – being criminally charged is enough"); *id.* at 1117 ("A prosecutor's judgment cannot be said to be independent where the prosecutor considers potentially fabricated evidence without knowing that the evidence might be fundamentally compromised and misleading."); *Spencer*, 857 F.3d at 802 ("Whether probable cause existed is entirely beside the point…[t]he only causation question for the jury was whether the fabricated evidence did, in fact, cause [plaintiff's] nearly two decades of imprisonment," and "the district court properly declined to instruct the jury on the issue of probable cause); *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 573 (9th Cir. 2022) (Plaintiff only needs to show "a reasonable probability" that, but for Defendants' constitutional violation, "the result of the proceeding would have been different," and does *not* require proof Defendants' conduct was the *sole* cause of Plaintiff's injuries); *Mendez v. Cnty. of Los Angeles*,

897 F.3d 1067, 1078 (9th Cir. 2018) ("[I]t is common for injuries to have multiple proximate causes" and § 1983 defendants may be held liable so long as the unconstitutional conduct is *one* of the proximate causes) (cleaned up).

9th Cir., *Manual of Model Civil Jury Instructions*, Model Instructions 9.33.

**Disputed Instruction No. 38, re: Fabrication of Evidence Claim, offered by Defendants**

As previously explained, the plaintiff has the burden of proving that the acts of defendants deprived the plaintiff of particular rights under the United States Constitution. The plaintiff's first claim is that the defendants allegedly fabricated evidence against him. Specifically, the plaintiff alleges the defendants deprived him of his rights under the Fourteenth Amendment to the Constitution by deliberately falsifying witness identifications of the plaintiff as the person who shot Raymond Rodriguez on April 5, 2002.

For the plaintiff to prevail on his claim of deliberate fabrication of evidence against any defendant, the plaintiff must prove all of the following elements by a preponderance of the evidence against that defendant:

1. The defendant deliberately fabricated evidence that a witness identified the plaintiff as the person who shot Raymond Rodriguez; and

2. The evidence the defendant fabricated caused the loss of the plaintiff's of liberty.

The plaintiff can establish the element that a defendant fabricated an eyewitness identification of him by proving the defendant created evidence of a statement that a witness unequivocally did not make. Mere inaccuracies, carelessness, or mistakes of tone in writing a police report do not establish the fabrication of evidence. Rather, to find that the plaintiff has met his burden as to the element of fabrication, you must find that the statement the defendant wrote was deliberately intended to create false evidence against the plaintiff.

[The plaintiff can also establish the element that a defendant fabricated an eyewitness identification by proving that the defendant obtained the identification knowing the plaintiff was innocent, or do so while showing deliberate indifference to the plaintiff's innocence. To prove deliberate fabrication under this theory, it is not enough for the plaintiff to show that the defendant's investigation was inadequate or that the defendant should have known the plaintiff was innocent. Rather, the plaintiff must prove that the defendant continued to investigate the plaintiff despite knowing of, or exhibiting reckless indifference to, the plaintiff's innocence, and that the defendant did so for the purpose of creating false evidence against the plaintiff.

The plaintiff can also establish the element that a defendant fabricated an eyewitness identification by proving that the defendant used techniques that were so coercive and abusive that the defendant knew, or was deliberately indifferent to the fact, that those techniques would yield false information that would be used to convict the plaintiff.][6]

**Authority**: *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (holding that police "must be given some latitude" in their investigative techniques, and "mere allegations that Defendant used interviewing techniques that were in some sense improper . . . cannot serve as the basis for a" fabrication claim); *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) ("[N]ot all inaccuracies in an investigative repot give rise to a constitutional claim.") (finding fabrication where report "contained scores of" false quotations that witnesses "unequivocally testified" they "never made") (citing *Black v. Montgomery County*, 835 F.3d 358, 372 (3d Cir. 2016) ("[T]here is an notable bar for evidence to be considered 'fabricated.' . . . There must be 'persuasive evidence supporting a conclusion that the [defendants]' are aware that evidence is incorrect or that the evidence is offered in bad faith.")); *Caldwell v. City & Cnty. Of San Francisco*, 889 F.3d 1105, 1114 (9th Cir. 2018) (finding fabrication only where there was a "wide gulf" between written statements and statement actually made according to sworn testimony).

---

[6] Defendants do not believe any undisputed facts on record permit Plaintiff to proceed under the theory that an officer investigated him knowing he was innocent or used coercive identification techniques likely to yield false evidence. Instructions about these theories would therefore be improper and unduly confusing. Fed. R. Evid. 403. In the alternative, if the Court determines that Plaintiff may proceed with these theories, Defendants submit in brackets the instructions that would be appropriate.

**Disputed Instruction No. 39, re: Causation Related to Fabrication of Evidence Claim, offered by Defendants**

As I have indicated in my instruction regarding a fabrication-of-evidence claim, if you find that any defendant fabricated evidence, the plaintiff must further prove that the defendant's actions caused the loss of the plaintiff's liberty. This requires the plaintiff to prove both causation-in-fact and proximate causation. A defendant's conduct is an "actual cause," or "cause-in-fact," of a plaintiff's injury only if the injury would not have occurred but for that conduct. A defendant's conduct is a "proximate cause" of a plaintiff's injury if it was not just any cause, but one with a sufficient connection to the result.

Here, the plaintiff claims losses of liberty resulting from the initiation of a criminal prosecution against him, the finding of probable cause at his 2002 preliminary hearing that resulted in his being held over for trial, and his conviction following the jury's guilty verdict in 2003. To prove causation in fact for the initiation of a criminal prosecution against him, the plaintiff must prove that the criminal prosecution against him would not have occurred but for the fabrication of evidence. To prove proximate causation, the plaintiff must show that at the time of the defendant's conduct, the initiation of a criminal prosecution was the type of injury that a reasonable person would see as a likely result of the conduct in question.

To prove causation in fact for the finding of probable cause at his 2002 preliminary hearing, the plaintiff must prove that the finding of probable cause against him would not have occurred but for the fabrication of evidence. To prove re proximate causation, the plaintiff must show that at the time of the defendant's conduct, the finding of probable cause prosecution was the type of injury that a reasonable person would see as a likely result of the conduct in question.

To prove causation in fact for the plaintiff's 2003 conviction, the plaintiff must prove that his conviction would not have occurred but for the fabrication of evidence because there is a reasonable probability that the fabricated evidence affected the judgment of the jury. To prove proximate causation, the plaintiff must show that at the time of the defendant's conduct, the plaintiff's conviction was the type of injury that a reasonable person would see as a likely result of the conduct in question.

You may not find that any defendant caused the plaintiff's 2003 conviction for attempted murder based on that defendant's testimony at the 2003 criminal trial, nor may you find such causation based on any other witness's testimony at the 2003 criminal trial. Rather, in order to establish causation, the plaintiff must prove that evidence other than the testimony of witnesses at the 2003 criminal trial caused the plaintiff's conviction.

**Authority**: Ninth Circuit Model Jury Instruction 9.2 ("Causation") ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. . . . To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation.") (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)) ("For example, when deprivation of a protected interest is substantively justified but the procedures were deficient, a plaintiff must show injury from the denial of procedural due process itself and cannot recover damages from the justified deprivation.") (citing *Carey v. Piphus*, 435 U.S. 247, 260-64 (1978); *Watson v. City of San Jose*, 800 F.3d 1135, 1140-42 (9th Cir. 2015)); *Richards v. County of San Bernardino*, 39 F.4th 562, 573-74 (9th Cir. 2022) ("[F]actual causation [requires showing of a] reasonable likelihood that the allegedly fabricated [] evidence could have affected the judgment of the jury."); *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) ("To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see  as a likely result of the conduct in question.") (citations omitted); *McSherry v. City of Long Beach*, 584 F.3d 1129, 1142 (9th Cir. 2009) (noting that plaintiff must show fabricated evidence "caused his arrest, prosecution, and conviction"); *Whitlock v. Brueggemann*, 682 F.3d 567, 582, 586 (7th Cir. 2012) (holding that plaintiff in fabrication case "bears the burden" of showing "that the evidence was later used against the plaintiff at her criminal trial")

(holding that it is "universally recognized among circuits that" there is no fabrication claim where evidence is not "introduced against [the plaintiff] at trial"); *Briscoe v. Lahue*, 460 U.S. 325, 345 (1983) ("absolute witness immunity bars" fabrication claim based on witness testimony); *Franklin v. Terr*, 201 F.3d 1098, 1101 (9th Cir. 2000) (a litigant cannot "circumvent" absolute witness immunity by attacking pre-testimony actions).

JOINT [PROPOSED] JURY INSTRUCTIONS                                    5:20-cv-04191-BLF

1

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 39**

2

Plaintiff contends this instruction should not be given because it is legally inaccurate;

3 duplicative of information contained in Disputed Instruction No. 38, re: Fabrication of Evidence

4 Claim, offered by Plaintiff; and confusing to a jury. Causation is fully incorporated into Plaintiff's

5 proposed instruction, and for the reasons laid out in Plaintiff's citation to authorities for Disputed

6 Instruction No. 38, the standard Defendants have articulated here is legally inaccurate. Defendants'

7 proposed instruction does not reflect the most recent iterations of the standard from the Ninth Circuit,

8 which clarified that "factual causation is not per se lacking when a showing of but-for causation cannot

9 be made." *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 572 (9th Cir. 2022); *see also id.* at 573

10 (Plaintiff only needs to show "a reasonable probability" that, but for Defendants' constitutional

11 violation, "the result of the proceeding would have been different," and does *not* require proof

12 Defendants' conduct was the *sole* cause of Plaintiff's injuries); *Mendez v. Cnty. of Los Angeles*, 897

13 F.3d 1067, 1078 (9th Cir. 2018) ("[I]t is common for injuries to have multiple proximate causes" and

14 § 1983 defendants may be held liable so long as the unconstitutional conduct is *one* of the proximate

15 causes) (cleaned up). The same is true for testimonial immunity—Defendants' iteration of the standard

16 is legally inaccurate and confusing.

17

18

19

20

21

22

23

24

25

26

27

**Disputed Instruction No. 40 re: Criminal Proceedings and Rebuttable Presumption of Prosecutorial Independence, offered by Defendants**

You will hear evidence in this case about criminal proceedings that took place in 2002 and 2003. To help you better understand that evidence, I will now explain some of these proceedings.

A criminal prosecution of a person begins when the prosecuting authority files a formal criminal charge against the person. The prosecuting authority alone has the power to file criminal charges against a person. After criminal charges are filed against a person, the person generally has a right to a preliminary hearing regarding those charges. The purpose of the preliminary hearing is to have a court evaluate whether there is probable cause that the accused committed the crime or crimes charged. If the court determines that there is such probable cause, the court holds the defendant over for trial. If the court determines that probable cause is lacking, the court must dismiss the criminal charge or charges against the accused.

In the 2002-2003 criminal case charging Plaintiff Lionel Rubalcava with attempted murder, the prosecuting authority was the Santa Clara County District Attorney's Office, and the prosecutor who filed the charge against Plaintiff Rubalcava was Deputy District Attorney Mark Duffy. After Mark Duffy filed the charge against Plaintiff Rubalcava, a court held a preliminary hearing, which took place in June of 2002. The court found at the conclusion of that hearing that there was probable cause that Plaintiff Rubalcava committed the crime of attempted murder. The court consequently held Plaintiff Rubalcava over for trial. Prosecutor Mark Duffy then continued the criminal prosecution against Plaintiff Rubalcava, and in November of 2003, a trial on the charge against him was held. At the end of the 2003 criminal trial, the jury returned a verdict of guilty against Plaintiff Rubalcava. That guilty verdict was later vacated, meaning Plaintiff Rubalcava's conviction was set aside.

For purposes of the plaintiff's claims here, it is presumed that the prosecutor responsible for the plaintiff's prosecution, Mark Duffy, exercised independent judgment in determining that there was probable cause to believe the plaintiff committed the crime Prosecutor Duffy filed against him in 2002. The plaintiff can overcome this presumption if he establishes that the defendants presented false evidence or withheld crucial information from the prosecutor, and that the prosecutor would not have

1   filed the criminal complaint and maintained criminal charges if the defendants had not presented the

2   false evidence or withheld the crucial information.

3       If you find that the plaintiff has not rebutted the presumption of prosecutorial independence,

4   you must find that the defendants did not cause the plaintiff's conviction through the fabrication of

5   evidence.

6       If you find the presumption of prosecutorial independence has been rebutted, you must apply

7   the normal standard for causation, which has been provided to you in the previous instruction.

8

9   **Authority**: Ninth Circuit Model Civl Jury Instruction 9.2 (Causation – Deliberate Fabrication)

10  (Typically, in constitutional tort cases, the filing of a criminal complaint usually immunizes the

11  investigating officers 'because it is presumed that the prosecutor filing the complaint exercised

12  independent judgment in determining that probable cause for an accused's arrest exists at that

13  time.' *Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018)

14  (quoting *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v.*

15  *City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008)). However, in deliberate fabrication cases, the

16  presumption can be overcome if a plaintiff establishes that officers 'either presented false evidence to

17  or withheld crucial information from the prosecutor.' *Caldwell*, 889 F.3d at 1116. At that point, 'the

18  analysis reverts back to a normal causation question' and the issue again becomes whether the

19  fabricated evidence was the cause in fact and proximate cause of the plaintiff's injury. *Id*. at 1115-

20  16.).''

21

22

23

24

25

26

27

JOINT [PROPOSED] JURY INSTRUCTIONS         5:20-cv-04191-BLF

1

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 40**

2

    Plaintiff contends this instruction should not be given because it is legally inaccurate,

3

duplicative of the instruction on fabrication, and has the potential to confuse and unduly influence the

4

jury. The presumption of prosecutorial independence does not apply to fabrication cases at all. *See*

5

*Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1116 (9th Cir. 2018) (assuming without

6

deciding that the presumption applies to fabrication claims); *Trulove v. D'Amico*, No. 16-CV-050-

7

YGR, 2018 WL 1070899, at *6 (N.D. Cal. Feb. 27, 2018). In this proposed instruction, moreover,

8

Defendants attempt to reargue facts either covered by the parties' stipulations or which Defendants

9

may introduce evidence of at trial. Finally, Defendants' lengthy proposed instruction would likely

10

confuse the jury and again would unduly suggest that Defendants did not engage in misconduct, that

11

they are entitled to a presumption of credibility, or that the jury should give additional weight to Mr.

12

Duffy's testimony.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT [PROPOSED] JURY INSTRUCTIONS                                    5:20-cv-04191-BLF

**Disputed Instruction No. 41 re: *Brady* Claim – Suppression of Evidence, offered by Plaintiff**

Next, I will address Mr. Rubalcava's claim that he was deprived of liberty without due process and deprived of his right to a fair trial because Defendants deliberately withheld certain evidence from the prosecutor in the criminal proceeding.

To prove suppression of evidence, Mr. Rubalcava must show (1) that the Defendants suppressed, or withheld from the prosecutor, material evidence that was favorable to Mr. Rubalcava; (2) that this suppression prejudiced Mr. Rubalcava; and (3) that the Defendants acted with deliberate indifference to or reckless disregard for the consequences of suppressing the favorable evidence. Evidence is not suppressed if Mr. Rubalcava or his defense counsel were otherwise aware of the evidence.

The Constitution requires police officers to disclose to the prosecutor any evidence that is both *favorable* and *material* to a criminal defendant.

Information is *favorable* to a criminal defendant if it tends to indicate that criminal defendant's innocence, also known as "exculpatory" evidence. Information is also favorable if it cuts against evidence of guilt, also known as "impeaching" evidence. For example, evidence is favorable if it undermines the credibility of a prosecution witness, or if it would undermine the reliability of the evidence gathered in the investigation as a whole.

Evidence that is favorable to a criminal defendant is *material* when there is a reasonable probability that, had the evidence been disclosed, the result of the trial would have been different. A reasonable probability means the chances are high enough to undermine confidence in the outcome of the trial. If the original verdict is already of questionable validity, withheld evidence of relatively minor importance might be enough to create a reasonable probability of a different outcome. To determine whether there is a reasonable probability that the result of the trial would have been different, consider all of the withheld favorable evidence together, as a group, rather than piece by piece.

**Authority:** D.E. 264 at 27–29. *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011) (explaining that Plaintiff must prove that "(1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the plaintiff"); *Bailey v. Rae*, 339 F.3d 1107, 1115 (9th Cir. 2003) (Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different") (internal quotation marks and citation omitted); *Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (A plaintiff establishes prejudice by showing that the withheld evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict," as opposed to a showing that it was more likely than not that the evidence would have resulted in acquittal); *Carrillo v. Cnty of Los Angeles*, 798 F.3d 1210, 1220 (9th Cir. 2015) ("Requiring police officers as well as prosecutors to disclose material and exculpatory evidence follows logically from *Brady*'s rationale. As far as the Constitution is concerned, a criminal defendant is equally deprived of his or her due process rights when the police rather than the prosecutor suppresses exculpatory evidence because, in either case, the impact on the fundamental fairness of the defendant's trial is the same" and "*Brady* defines the type of material the government is obligated to disclose concretely and specifically as favorable to the accused, either because it is exculpatory, or because it is impeaching"); *Trulove v. D'Amico*, No. 16-CV-050-YGR, 2018 WL 1070899, at *6–7 (N.D. Cal. Feb. 27, 2018) (holding that Plaintiff had sufficiently established a *Brady* claim for trial because a reasonable jury could find defendants failed to disclose evidence of the circumstances under which eyewitness identifications and statements were obtained); *Tennison v. City and Cnty. of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2009) ("[A] § 1983 plaintiff must show that police officers acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from prosecutors."). 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instructions 9.33A.

**Disputed Instruction No. 41 re: Deliberate or Reckless Suppression of Evidence, offered by Defendants**

The plaintiff's second claim is that the defendants deliberately or recklessly withheld favorable evidence from the prosecutor. Specifically, the plaintiff alleges that the defendants failed to disclose that witnesses did not identify him as the person who shot Raymond Rodriguez on April 5, 2002, as the defendants wrote in contemporaneous police reports.

For the plaintiff to prevail on his claim of deliberate or reckless suppression of evidence, the plaintiff must prove the following elements by a preponderance of the evidence as to each defendant:

1.    The defendant suppressed evidence from the prosecutor that was favorable to the plaintiff because it would impeach a witness's testimony;

2.    The suppressed impeachment evidence was material to the outcome of the plaintiff's criminal proceedings; and

3.    The defendant acted with deliberate indifference to the plaintiff's rights or for the truth in suppressing the evidence.

To establish that any witness statement constituted favorable evidence as "impeachment," the plaintiff must prove that the witness statement contradicts or is inconsistent with testimony that the witness gave at the plaintiff's criminal trial.

Evidence is "material" if, based on the entire trial record, the evidence could reasonably be taken to put the criminal proceeding in such a different light that its disclosure would have altered the outcome.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. In order to find deliberate indifference under the circumstances, you must find that the defendant knew, or showed conscious or reckless disregard for the fact, that the allegedly withheld information could be used to impeach a witness at trial.

Evidence was not suppressed if either Plaintiff Rubalcava or his defense counsel was aware of the evidence.

**Authority:** Ninth Circuit Model Civil Instruction 9.33A; *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011); *Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2009); *United States v. Palmer*, 536 F.2d 1278, 1281 (9th Cir. 1976) (holding that statements are "not *Brady* material" as impeachment where they "did not contradict the eyewitness identification" at trial); *Hovey v. Ayers*, 458 F.3d 892, 918 (9th Cir. 2006) (information does is not favorable as impeachment unless it is "inconsistent" with trial testimony); *United States v. Hearst*, 424 F. Supp. 307, 313 (N.D. Cal. 1976) ("The Ninth Circuit has often held" that evidence cannot be impeaching for *Brady* purposes unless it is "facially [ir]reconcilable or . . . inconsistent with [later] evidence."); *United States v. Agurs*, 427 U.S. 97, 112 (1976) (materiality requires showing based on "entire [trial] record" that suppressed evidence would have "create[d] a reasonable doubt that did not otherwise exist").

**Disputed Instruction No. 42, re: Causation Related to Suppression of Evidence Claim, offered by Defendants**

If you find that any defendant deliberately or recklessly withheld favorable evidence from the prosecution, the plaintiff must further prove that the defendant's actions caused his claimed injury. As I have instructed separately, this requires the plaintiff to prove both causation-in-fact and proximate causation for any of the injuries he claims.

To prove that a defendant's withholding of favorable evidence was a cause in fact for the initiation of a criminal prosecution against the plaintiff, the plaintiff must prove that the criminal prosecution against him would not have occurred but for the withholding of favorable evidence. To prove proximate causation, the plaintiff must show that at the time of the defendant's conduct, the initiation of a criminal prosecution was the type of injury that a reasonable person would see as a likely result of the conduct in question.

To prove causation in fact for the finding of probable cause at his 2002 preliminary hearing, the plaintiff must prove that the finding of probable cause against him would not have occurred but for the withholding of favorable evidence because there is a reasonable probability that the withholding of favorable evidence affected the outcome of that proceeding. To prove proximate causation, the plaintiff must show that at the time of the defendant's conduct, the finding of probable cause prosecution was the type of injury that a reasonable person would see as a likely result of the conduct in question.

To prove causation in fact for the plaintiff's 2003 conviction, the plaintiff must prove that his conviction would not have occurred but for the withholding of favorable evidence because there is a reasonable probability that the withholding of favorable evidence affected the judgment of the jury. To prove proximate causation, the plaintiff must show that at the time of the defendant's conduct, the plaintiff's conviction was the type of injury that a reasonable person would see as a likely result of the conduct in question.

**Authority**: Ninth Circuit Model Jury Instruction 9.2 ("Causation") ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. . . .

To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation.") (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)) ("For example, when deprivation of a protected interest is substantively justified but the procedures were deficient, a plaintiff must show injury from the denial of procedural due process itself and cannot recover damages from the justified deprivation.") (citing *Carey v. Piphus*, 435 U.S. 247, 260-64 (1978); *Watson v. City of San Jose*, 800 F.3d 1135, 1140-42 (9th Cir. 2015)); *Richards v. County of San Bernardino*, 39 F.4th 562, 573-74 (9th Cir. 2022) ("[F]actual causation [requires showing of a] reasonable likelihood that the allegedly fabricated [] evidence could have affected the judgment of the jury."); *United States v. Agurs*, 427 U.S. 97, 112 (1976) (materiality requires showing based on "entire [trial] record" that suppressed evidence would have "create[d] a reasonable doubt that did not otherwise exist"); *Richards v. County of San Bernardino*, 39 F.4th 562, 573-74 (9th Cir. 2022) (equation causation standard for fabrication and withholding of evidence claims).

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 42**

Plaintiff contends this instruction should not be given because it is legally inaccurate; duplicative of information contained in Disputed Instruction No. 41, re: *Brady* Claim – Suppression of Evidence, offered by Plaintiff; and confusing to a jury. Causation is fully incorporated into Plaintiff's proposed instruction, and for the reasons laid out in Plaintiff's citation to authorities for Disputed Instruction No. 41, the standard Defendants have articulated here is legally inaccurate. Defendants' proposed instruction does not reflect the most recent iteration of the standard from the Ninth Circuit, which clarified that "factual causation is not per se lacking when a showing of but-for causation cannot be made." *Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 572 (9th Cir. 2022); *see also id.* at 573 (Plaintiff only needs to show "a reasonable probability" that, but for Defendants' constitutional violation, "the result of the proceeding would have been different," and does *not* require proof Defendants' conduct was the *sole* cause of Plaintiff's injuries).

**Disputed Instruction No. 43 re: Malicious Prosecution, offered by Plaintiff**

Next, I will address Mr. Rubalcava's claim that Defendants wrongfully caused a criminal prosecution to be brought against him. This claim is also known as "malicious prosecution."

In order to establish such a claim, Mr. Rubalcava must prove (1) that Defendants wrongfully caused criminal charges to be filed against him; (2) that he was seized or detained against his will; (3) that the criminal proceeding ended in his favor; (4) that the action was brought without probable cause; and (5) that Defendants' actions were brought with bad faith.

As to the first element of this claim—that Defendants wrongfully caused criminal charges to be filed against Mr. Rubalcava—although there is a presumption that prosecutors make independent decisions to file criminal charges, Mr. Rubalcava may prove Defendant Perez, Spillman, and Fonua are responsible for causing charges to be filed if they improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct that caused the charges to be filed.

As to the second element of this claim—that Mr. Rubalcava was seized or detained against his will—if you find that Defendants' actions caused Mr. Rubalcava to be held in jail or prison, I instruct you that this element has been proven.

As to the third element of this claim—that the criminal proceeding ended in Mr. Rubalcava's favor—here, where the conviction was reversed and the Superior Court of Santa Clara County made a finding that Mr. Rubalcava was innocent, I instruct you that the criminal proceeding ended in his favor. I instruct you that this element has been proven.

As to the fourth element of this claim—that the action was brought without probable cause: Probable cause exists when, under all of the circumstances known to the officers at the time, it is reasonable for an officer to conclude that there is a fair probability that the plaintiff had committed a crime. The defendant's subjective state of mind is irrelevant to determining whether probable cause existed; you must look at all the facts known to the officer and determine whether it was objectively reasonable to conclude Mr. Rubalcava was probably responsible for the shooting. If you find that, under all of the circumstances known to the officers at the time, a reasonable police officer would not

have concluded that there was a fair probability Mr. Rubalcava was responsible for Raymond Rodriguez's shooting, this element is satisfied.

As to the fifth element of this claim: Mr. Rubalcava must prove that Defendants' actions in causing the criminal action to be wrongfully pursued against him were initiated with malice, or in bad faith. Malice is not limited to actual hostility or ill will toward the plaintiff. If the defendant had no substantial grounds for believing in the plaintiff's guilt, but, nevertheless, began proceedings against the plaintiff, it is logical to infer that the defendant's motive was improper or malicious. Also, if you find that a defendant deliberately lied, fabricated evidence, or suppressed material evidence, that is sufficient to establish malice.

**Authority:** D.E. 264 at 31–35. *See Thompson v. Clark*, 596 U.S. 36, 42–44 (2022) (describing elements of § 1983 malicious prosecution claim: (1) that Defendants prosecuted without probable cause, (2) that the prosecution terminated in his favor, (3) that Defendants acted with malice, and (4) that he was seized in violation of the Fourth Amendment); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." (internal quotation marks and citations omitted); *Rezek v. City of Tustin*, 684 F. App'x 620, 621 (9th Cir. 2017) (explaining that Federal courts use state law to define the elements of a § 1983 malicious prosecution claim; here as in *Rezek*, "California state law."); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("[W]e have incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983."); *id.* at 1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence.); *Trulove v. D'Amico*, No. 16-CV-050-YGR, 2018 WL 1070899, at *8 (N.D. Cal. Feb. 27, 2018) ("[M]alice is not limited to hostility or ill will, but encompasses improper motive, which can be inferred from continued prosecution despite a lack of substantial grounds for believing in plaintiff's guilt"); *Awabdy*, 368 F.3d at 1067 ("In California, as in virtually

every other jurisdiction, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes *prima facie* – but not *conclusive* – evidence of probable cause."); *id.* ("Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith."); *Trulove*, 2018 WL 1070899, at *8 ("[P]laintiffs who can establish that an officer lied or fabricated evidence [may] relitigate the issue of probable cause with the falsified evidence removed from the equation or, in cases involving intentional concealment of exculpatory evidence, with the undisclosed evidence added back into the equation."); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1015 (9th Cir. 2015) ("[I]n addition to showing that the defendants prosecuted him with malice and without probable cause, a plaintiff must demonstrate a Fourth Amendment seizure (or the violation of another such "explicit textual source of constitutional protection.")); *Manuel v. City of Joliet*, 137 S.Ct. 911, 918 (2017) (holding that pretrial detention resulting from legal process unsupported by probable cause violates the Fourth Amendment and can form the basis for a § 1983 claim); *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555–61 (4th Cir. 2017) (relying on *Manuel*, 137 S. Ct. 911, to hold that evidence that officers caused plaintiff to be detained pretrial and prosecuted without probable cause, and that the charges were ultimately terminated in plaintiff's favor, establishes a § 1983 malicious prosecution claim); *Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th Cir. 2003) ("[A] Fourth Amendment seizure occurs when a person is held in custody by arresting officers."). *See also* 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instructions 9.23.

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Disputed Instruction No. 43 re: Malicious Prosecution Claim, offered by Defendants**

The plaintiff's third claim is for malicious prosecution. The plaintiff's malicious prosecution claim is based on the same allegations and theories as his claims for fabrication of evidence and deliberate or reckless withholding of evidence.

For the plaintiff to prevail on his claim of malicious prosecution against any defendant, the plaintiff must prove all of the following elements by a preponderance of the evidence against that defendant:

1. The defendant initiated or maintained a prosecution against the plaintiff, which prosecution was pursued to a legal termination in the plaintiff's favor; and

2. There was no probable cause to believe the plaintiff had committed a crime; and

3. The defendant acted with malice against the plaintiff, meaning that the defendant did not have reason to believe the plaintiff was guilty and acted for a purpose other than bringing a criminal suspect to justice; and

4. The defendant acted with the purpose of denying the Plaintiff a specific constitutional right; and

5. The defendant's wrongful actions caused the plaintiff to be subject to criminal charges and to suffer a consequent loss of liberty while being held for trial.

To establish that a defendant acted without probable cause, the plaintiff must prove that no reasonable officer in the defendant's position would have concluded there was a fair probability of criminal activity by the plaintiff based on the objective circumstances known to that defendant.

To establish that a defendant acted with the purpose of denying the plaintiff a specific constitutional right, the plaintiff cannot rely on the mere right not to be arrested and prosecuted without probable cause. The plaintiff must show that the defendant acted with the purpose of denying the plaintiff some separate, specific constitutional right.

The parties have stipulated that the prosecution of the plaintiff was pursued to a legal termination in his favor.

1   **Authority:** *Thompson v. Clark*, 596 U.S. 36 (2022) (defining elements of malicious prosecution claim

2   and defining "malicious" to mean "without probable cause and for a purpose other than bringing the

3   defendant to justice"); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("We look to

4   California law [to define] the relevant elements of the common law tort of malicious prosecution . . .

5   under § 1983.") (finding element requiring purpose of denying plaintiff a specific constitutional right

6   satisfied by evidence that the defendants "conspired to deprovie him of" his rights under the First

7   Amendment, Equal Protection Clause, and Thirteenth Amendment); *Zox Ltd. Liab. Co. v. W. Am. Ins.*

8   *Co.*, No. 23-55125, 2024 U.S. App. LEXIS 3095, at *3 (9th Cir. Feb. 9, 2024) (defining elements of

9   malicious prosecution claim) (citing *Parrish v. Latham & Watkins*, 3 Cal. 5th 767, 221 (Cal. 2017));

10  *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (defining probable cause standard).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Disputed Instruction No. 44 re: Rebuttal Presumption of Prosecutorial Independence as Part of Malicious Prosecution Claim, offered by Defendants**

As with the plaintiff's fabrication of evidence claim, it is presumed for purposes of his malicious prosecution claim that the prosecutor responsible for filing the criminal charge against him, Mark Duffy, exercised independent judgment in determining that probable cause existed that the plaintiff committed the crime charged in 2002. The plaintiff can overcome this presumption if he establishes that the defendants presented false evidence or withheld crucial information from the prosecutor, and that the prosecutor would not have filed the criminal complaint and maintained criminal charges if the defendants had not presented the false evidence or withheld the crucial information.

If you find that the plaintiff has not rebutted the presumption of prosecutorial independence, you must find that the defendants did not cause the plaintiff's conviction through the fabrication of evidence. If you find the presumption of prosecutorial independence has been rebutted, you must apply the normal standard for causation, which has been provided to you in the previous instruction.

**Authority**: *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) (holding that police officers cannot be held liable for malicious prosecution "unless the presumption of independent judgment by the district attorney is rebutted"); Ninth Circuit Model Civl Jury Instruction 9.2 (Causation – Deliberate Fabrication) ("Typically, in constitutional tort cases, the filing of a criminal complaint usually immunizes the investigating officers 'because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.' *Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) (quoting *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008)). However, in deliberate fabrication cases, the presumption can be overcome if a plaintiff establishes that officers 'either presented false evidence to or withheld crucial information from the prosecutor.' *Caldwell*, 889 F.3d at 1116. At that point, 'the analysis reverts back to a normal causation question' and the issue again

becomes whether the fabricated evidence was the cause in fact and proximate cause of the plaintiff's injury. *Id*. at 1115-16.").

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 44**

Plaintiff contends this instruction should not be given because it is legally inaccurate, duplicative, misleading, and has the potential to confuse and unduly influence the jury. To the extent necessary, its substance is incorporated into Plaintiff's proposed Instruction No. 43 on malicious prosecution, and Plaintiff contends that his proposed instruction more accurately captures the standard for malicious prosecution, including the rebuttable presumption of prosecutorial independence. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) ("In California, as in virtually every other jurisdiction, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes *prima facie* – but not *conclusive* – evidence of probable cause."); *id.* ("Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith."); *Trulove v. D'Amico*, No. 16-CV-050-YGR, 2018 WL 1070899, at *8 (N.D. Cal. Feb. 27, 2018) ("[P]laintiffs who can establish that an officer lied or fabricated evidence [may] relitigate the issue of probable cause with the falsified evidence removed from the equation or, in cases involving intentional concealment of exculpatory evidence, with the undisclosed evidence added back into the equation.").

**Disputed Instruction No. 45 re: Prima Facie Finding of Probable Cause, offered by Defendants**

Under the law, a decision by a judge to hold a defendant over for trial after a preliminary hearing constitutes "prima facie" evidence of probable cause. "Prima facie" evidence means evidence that establishes a fact unless it is rebutted by other evidence. As I have explained, as part of Plaintiff Lionel Rubalcava's criminal proceedings, a judge found probable cause that Plaintiff Rubalcava committed the charged crime of attempted murder and held him over for trial following a preliminary hearing in June of 2002. That finding is prima facie evidence that there was probable cause to prosecute Plaintiff Rubalcava. Plaintiff Rubalcava can, however, rebut this prima facie evidence by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith.

If you find that the plaintiff has not rebutted the prima facie evidence of probable cause with evidence that the judge's decision in 2002 to hold the plaintiff over for trial was the product of fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith, you must find that he has failed to establish the probable cause element of his malicious prosecution claim.

If you find that plaintiff has provided evidence that the judge's decision to hold the plaintiff over for trial was the product of fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith, you must proceed to apply the elements of the malicious prosecution claim without regard to the judge's 2002 finding of probable cause.


**Authority:** *McSherry v. City of Long Beach*, 584 F.3d 1129, 1136 (9th Cir. 2009) (In California, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes prima facie—but not conclusive—evidence of probable cause. . . To [rebut the prima facie finding], a plaintiff "must be able to prove the allegations in his complaint that the criminal proceedings were initiated on the basis of the defendants' intentional and knowingly false accusations and other malicious conduct.") (simplified); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (same).

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 45**

Plaintiff contends this instruction should not be given because it is legally inaccurate, duplicative, and confusing. To the extent necessary, its substance is incorporated into Plaintiff's proposed Instruction No. 43 on malicious prosecution, and Plaintiff contends that his proposed instruction more accurately captures the standard for malicious prosecution,

**Disputed Instruction No. 46 re: Conspiracy, offered by Plaintiff**

Next, I will instruct you on the law governing Mr. Rubalcava's claim that Defendants Perez, Spillman, and Fonua are liable for conspiracy.

A conspiracy is an agreement between two or more people to do something illegal. Mr. Rubalcava contends that the police officer Defendants agreed amongst themselves to deprive him of his constitutional rights to due process and a fair trial. An officer who conspired to deprive Mr. Rubalcava of his rights is liable for the acts of the people he conspired with.

To find a Defendant liable for conspiracy, you must find that Mr. Rubalcava has proved each of the following elements by a preponderance of the evidence:

(1) The Defendant agreed with one or more other Defendants to deprive Mr. Rubalcava of his constitutional rights.

(2) The Defendant or a co-conspirator engaged in at least one act in furtherance of the agreement to deprive Mr. Rubalcava of his right to due process and a fair trial.

(3) The act or acts taken in furtherance of the agreement caused a deprivation of Mr. Rubalcava's constitutional rights, such as a malicious prosecution, or fabrication of evidence, as previously discussed.

To prove the conspiracy, Mr. Rubalcava must show that the members of the conspiracy came to a mutual understanding to act in violation of his rights. Mr. Rubalcava need not show that the Defendants came to an explicit, oral or written, agreement to violate his rights. An implied agreement—an unspoken understanding among the co-conspirators—is sufficient. Mr. Rubalcava does not need to show direct evidence of the conspiracy, but can prove the existence of the conspiracy and Defendant's participation in it by circumstantial evidence.

In addition to the existence of an agreement, Mr. Rubalcava must show that one of the members of the conspiracy engaged in at least one act in furtherance of the conspiracy. In this case, this requirement is satisfied if you find that one or more of the Defendants fabricated evidence against Mr. Rubalcava, or suppressed favorable material evidence from Mr. Rubalcava.

**Authority:** D.E. 264 at 36. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (holding that to establish the existence of a § 1983 conspiracy, a plaintiff must show "(1) the existence of an express or implied agreement among the defendant officers to deprive [the plaintiff] of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement"); *Mendocino Env't Ctr. v. Mendocino Cty¸* 192 F.3d 1283, 1301–02 (9th Cir. 1999) ("Whether defendants were involved in an unlawful conspiracy is generally a factual issue and should be resolved by the jury, so long as there is a possibility that the jury can infer from the circumstances that the alleged conspirators had a meeting of the minds and thus reached an understanding to achieve the conspiracy's objectives. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.") (internal citations and quotation marks omitted); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990) ("To be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries.")

JOINT [PROPOSED] JURY INSTRUCTIONS                                    5:20-cv-04191-BLF

**Disputed Instruction No. 46 re: Civil Conspiracy Claim, offered by Defendants**

The plaintiff's fourth claim is for conspiracy. For this claim, the plaintiff alleges that the defendants all conspired to deprive him of the rights described in his other constitutional claims.

For the plaintiff to prevail on his conspiracy claim against any defendant, he must first prove that there was a violation of his constitutional rights under at least one of his other three claims. The plaintiff must also prove all of the following elements by a preponderance of the evidence against that defendant:

1. The defendant formed an agreement with one or more of the other defendants to fabricate evidence, deliberately or recklessly suppress favorable evidence, or maliciously prosecute the plaintiff;

2. The defendant took some overt act, or concrete action, in furtherance of the agreement to deprive the plaintiff of his constitutional rights; and

3. As a result of the agreement, there was a violation of the plaintiff's constitutional rights.

To be liable for a civil conspiracy, each participant in the conspiracy need not know the exact details of the plan, and the agreement can be express or implied. But each participant must at least share the common objective of the conspiracy. For the plaintiff to hold a defendant liable for civil conspiracy here, it is not sufficient that any defendant knew of another defendant's actions, nor is it sufficient for the plaintiff to show that the defendants submitted reports or gave testimony that the plaintiff alleges was false. Rather, the plaintiff must prove that the defendants entered into some agreement beforehand to deprive him of his rights and caused a violation of his rights in furtherance of that agreement.

**Authority:** *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) ("[i]n order to state an adequate claim for relief under section 1983, plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of a conspiracy is insufficient to establish a section 1983 claim[.]"); *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010); *Pelayo v. City of Pomona*, No. CV 17-7292 PSG (SKx), 2019 U.S. Dist. LEXIS 42289, at *30 (C.D. Cal. Jan. 2, 2019)

("[T]he mere fact that multiple officers may have made false statements is not enough to show that they 'conspired' to distort the facts. *Ting v. United States*, 927 F.2d 1504, 1512-13 (9th Cir. 1991). In other words, correlation does not necessarily imply causation."); *Daniels v. Townsley*, 161 F. Supp. 2d 63, 70-71 (D. Conn. 2001) ("Mere knowledge of the existence of unconstitutional conduct or association with the alleged conspirators alone is insufficient to establish membership in a conspiracy."); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990) ("To be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries.").

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Disputed Instruction No. 47 re: Effect of Vacating of Conviction, offered by Defendants**

The parties have stipulated that after the plaintiff was convicted in 2003, the plaintiff's conviction was vacated. The plaintiff's conviction was not vacated because of any wrongdoing by the defendants, and you may not find any defendant liable based on the fact that the plaintiff's conviction was vacated. Rather, you must determine liability based only on whether the plaintiff proves by a preponderance of the evidence that each defendant has committed the misconduct alleged against that defendant under the elements I have instructed separately.

**Authority:** Fed. R. Evid. 403; *Vargas v. City of Los Angeles*, No. 2:16-cv-08684-SVW-AFM, 2020 U.S. Dist. LEXIS 259510, at *20-22 (C.D. Cal. Feb. 18, 2020).

**Plaintiff's Statement re: Defendants' Proposed Instruction No. 47**

Plaintiff contends that this instruction should not be given. It is duplicative of information incorporated into other instructions, including Stipulated Instruction No. 20, re: Stipulation of Fact, and is misleading. The instruction suggests that the vacatur was based on a finding that Defendants did not engage in misconduct. However, no findings regarding misconduct were made by the Superior Court or by the Santa Clara County District Attorney's Office during its independent investigation. Defendants' proposed instruction also improperly suggests that the jury may not consider innocence or vacatur or related evidence to prove his claims.

**Disputed Instruction No. 48 re: Innocence Finding, offered by Defendants[7]**

You will hear evidence that after the plaintiff was convicted in 2003, the Santa Clara County Superior Court granted the joint request of the plaintiff and the Santa Clara County District Attorney's Office to enter a finding of factual innocence on the plaintiff's behalf. No wrongdoing by any defendant was found in that proceeding, and you may not find any defendant liable based on the fact that the plaintiff has been found factually innocent. Rather, you must determine liability based on whether the plaintiff proves by a preponderance of the evidence that each defendant has committed the misconduct alleged against that defendant under the elements I have instructed separately.

**Authority:** Fed. R. Evid. 403; *Vargas v. City of Los Angeles*, No. 2:16-cv-08684-SVW-AFM, 2020 U.S. Dist. LEXIS 259510, at *20-22 (C.D. Cal. Feb. 18, 2020).

---

[7] For reasons set forth in Defendant's First Motion *in Limine*, evidence about the 2019 finding of factual innocence by the Santa Clara County Superior Court cannot properly be introduced at trial. Defendants submit this proposed instruction in the event that the Court denies the motion and permits evidence concerning the factual innocence finding.

**Disputed Instruction No. 48 re: Innocence Finding, offered by Plaintiff**

You have heard evidence that the Santa Clara County Superior Court made a finding that Mr. Rubalcava was factually innocent of the crimes for which he had been convicted. While you may consider evidence of innocence to the extent you find it relevant to Plaintiff's claims, you must determine liability based on whether Mr. Rubalcava proves by a preponderance of the evidence that each Defendant has committed the misconduct alleged against that Defendant under the elements I have instructed separately.

**Disputed Instruction No. 49 re: Damages, offered by Defendants**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that the plaintiff has proved any of his claims, you must determine the plaintiff's damages.[8] The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the mental, physical, emotional pain and suffering experienced, and that with reasonable probability will be experienced, in the future. It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

If you find that any defendant caused the plaintiff's 2003 conviction for attempted murder through the fabrication of evidence or the deliberate or reckless suppression of evidence as alleged the plaintiff's first and second claims, the measure of the plaintiff's damages will include compensation for the period he was incarcerated from the time of his arrest until he was released from custody on May 15, 2019.

If you find for the plaintiff only on his third claim, for malicious prosecution, the measure of the plaintiff's damages will include compensation only for the period he was incarcerated between his arrest on April 8, 2002, and the conclusion of his criminal trial on November 26, 2003.

**Authority:** Ninth Circuit Model Jury Instructions 5.1 & 5.2; *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *Donahue v. Gavin*, 280 F.3d 371, 382 (3d Cir. 2002).

---

[8] The three preceding sentences can be omitted if the Court bifurcates trial into separate liability and damages phases.

**Disputed Instruction No. 49 re: Compensatory Damages, offered by Plaintiff**

If you find for Mr. Rubalcava on any of his claims, you must determine his damages. Damages means the amount of money that will reasonably and fairly compensate Mr. Rubalcava for any injury you find was caused by the Defendants. Mr. Rubalcava has the burden of proving damages by a preponderance of the evidence.

Your award must be based on evidence presented at trial, not speculation, guesswork or conjecture.

Your calculation of damages should be based solely on the value of the injuries Mr. Rubalcava suffered, including both those injuries Mr. Rubalcava has actually suffered in the past and those injuries he is reasonably certain to suffer in the future. This does not mean, however, that compensatory damages are restricted to the actual loss of money; compensatory damages include both the physical and mental aspects of injury, even if they are not easy to measure.

In determining the measure of damages, you should consider:

- loss of liberty for the period spent in wrongful confinement;
- emotional pain and suffering, including fear, humiliation, or mental anguish Mr. Rubalcava has experienced, and the fear, humiliation, or mental anguish Mr. Rubalcava is reasonably certain to experience in the future;
- physical harm or discomfort; and
- loss of a normal life, including for loss of family connections and family interactions, loss of relationships, and loss of companionship.

**Authority:** *Hazle v. Crofoot*, 727 F.3d 983, 992 (9th Cir. 2013) ("The Supreme Court has held that entitlement to compensatory damages in a civil rights action is not a matter of discretion: 'Compensatory damages ... are mandatory; once liability is found, the jury is *required* to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss.'") (quoting *Smith v. Wade,* 461 U.S. 30, 52 (1983)); *id.* at 993 ("When a plaintiff has indisputably suffered an actual injury [as the result of defendants unconstitutional conduct], an award of compensatory damages

is mandatory.") (collecting cases); *Kerman v. City of New York,* 374 F.3d 93, 124 (2d Cir.2004) ("[W]here the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some [actual] injury to plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law."); *Hazle*, 727 F.3d at 993 (holding that after finding defendants liable, a jury may not "attempted to apportion all liability for [plaintiff's] injuries to absent parties."). 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instructions 5.1 and 5.2.

**Disputed Instruction No. 50 re: Punitive Damages, offered by Defendants**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that a Defendant's conduct harmed the plaintiff and that the Defendant acted maliciously, oppressively or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions would violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

**Authority:** Ninth Circuit Model Civil Jury Instruction 5.5.

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

**Disputed Instruction No. 50 re: Punitive Damages, offered by Plaintiff**

If you find for Mr. Rubalcava, you may, but are not required to, award punitive damages. Unlike compensatory damages, which are meant to compensate Mr. Rubalcava; the purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that a Defendant's conduct harmed Mr. Rubalcava and that the Defendant acted maliciously, oppressively or in reckless disregard of Mr. Rubalcava's rights. Conduct is malicious if it is accompanied by ill will, spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions would violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures, damage, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or misfortune of the plaintiff.

In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct.

**Authority:** *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir. 1993) ("It is well-established that a 'jury may award punitive damages [as to § 1983 claims]…either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'"); *Dang v. Cross,* 422 F.3d 800, 807 (9th Cir. 2005) (holding that the "statement of the law of punitive damages [was] incomplete," and explaining that "[t]he standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases….malicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.'…Such acts are therefore all proper predicates for punitive

damages under § 1983."). 9th Cir., *Manual of Model Civil Jury Instructions*, Model Instructions 5.1, 5.5.

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

1    Dated: April 16, 2024                       Respectfully submitted,

2                                                **NEUFELD SCHECK BRUSTIN HOFFMANN &**
3                                                **FREUDENBERGER, LLP**

4                                                By: */s/ Anna Benvenutti Hoffmann*
                                                 Nick Brustin, NY Bar No. 284405*
5                                                nick@nsbhf.com
                                                 Anna Benvenutti Hoffmann, NY Bar No. 4412011*
6                                                anna@nsbhf.com
                                                 Amelia Green, NY Bar No. 5428412*
7                                                amelia@nsbhf.com
                                                 Mary Katherine McCarthy, NY Bar No. 5583141*
8                                                katie@nsbhf.com
                                                 Christina Matthias, NY Bar No. 5433099*
9                                                christina@nsbhf.com
                                                 Sophia Villarreal, CA Bar No. 338923
10                                               sophia@nsbhf.com
                                                 Ann Hartman Sloan, NY Bar No. 5880034*
11                                               annie@nsbhf.com
                                                 99 Hudson Street, 8th Floor
12                                               New York, NY 10013
                                                 T: (212) 965-9081  F: (212) 965-9084
13                                               *Admitted Pro Hac Vice*
14
                                                 Lara Bazelon, CA Bar No. 218501
15                                               lbazelon@usfca.edu
                                                 2139 Fulton Street, Suite 211
16                                               San Francisco, CA 94117
                                                 T: (415) 422-6202
17
18
                                                 *Attorneys for Plaintiff Lionel Rubalcava*
19

20    Dated: April 16, 2024                      Respectfully submitted,
21
                                                 **NORA FRIMANN, CITY ATTORNEY**
22

23                                               By: */s/ Matthew Pritchard*
                                                 Matthey Pritchard
24                                               Ardell Johnson

25                                               *Attorneys for Defendants*

26

27

JOINT [PROPOSED] JURY INSTRUCTIONS                               5:20-cv-04191-BLF

## <u>ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)</u>

I, Anna Benvenutti Hoffmann, attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: April 16, 2024                    By: <u>*/s/ Anna Benvenutti Hoffmann*</u>
                                             Anna Benvenutti Hoffmann

                                         *Attorney for Plaintiff Lionel Rubalcava*

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

I, Samiha Abd-Elazem, being over eighteen years of age, hereby certify that a true and accurate copy of the foregoing Joint Proposed Jury Instructions was served by ECF on April 16, 2024, on the following:

Matthew Pritchard (Matthew.Pritchard@sanjoseca.gov)
Office of the City Attorney
200 East Santa Clara Street, 16th floor
San Jose, CA, 95113

Avi Kamionski (akamionski@nklawllp.com)
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661

Ephraim R. Siff (esiff@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

Mayer Engelsberg (mengelsberg@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

Natalie Yetunde Adeeyo (nadeeyo@nklawllp.com)
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661

Shneur Nathan (snathan@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

*Attorneys for Defendants*

/s/ *Samiha Abd-Elazem*
Samiha Abd-Elazem

*Paralegal*

JOINT [PROPOSED] JURY INSTRUCTIONS                    5:20-cv-04191-BLF