Nick Brustin, NY Bar No. 2844405*
Email: nick@nsbhf.com
Anna Benvenutti Hoffmann, NY Bar No. 4412011*
Email: anna@nsbhf.com
Amelia Green, NY Bar No. 5428412*
Email: amelia@nsbhf.com
Christina Matthias, NY Bar No. 5433099*
Email: cmatthias@nsbhf.com
Sophia Villarreal, CA Bar No. 338923
Email: sophia@nsbhf.com
Mary Katherine McCarthy, NY Bar No. 5583141*
Email: katie@nsbhf.com
NEUFELD SCHECK BRUSTIN
HOFFMANN & FREUDENBERGER, LLP
200 Varick Street, Suite 800
New York, NY 10014
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
**Admitted Pro Hac Vice*

Lara Bazelon, State Bar No. 218501
Email: lbazelon@usfca.edu
2139 Fulton Street, Ste. 211
San Francisco, CA 94117
Telephone: 415-422-6202

*Attorneys for Plaintiff Lionel Rubalcava*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 5:20-cv-04191-BLF<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO BIFURCATE TRIAL**<br><br>Date: April 23, 2024<br>Time: 1:30 p.m.<br>Courtroom: 1, 5th Floor<br>Judge: Beth Labson Freeman |

"[B]ifurcation is the exception rather than the rule of normal trial procedure within the Ninth Circuit." *Medtronic Minimed Inc. v. Animas Corp.*, No. CV 12-04471 RSWL RZX, 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013) (cleaned up); *see also Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1127 (E.D. Cal. 2020) ("[S]eparation of issues for trial is not to be routinely ordered.") (citation omitted). For a court to bifurcate, the moving party must show that issues are clearly separable and that bifurcation would promote judicial economy, reduce the risk of jury confusion, or avoid prejudice to the parties. *See French v. City of Los Angeles*, No. EDCV2000416JGBSPX, 2022 WL 2189649, at *12 (C.D. Cal. May 10, 2022). Here, Defendants fail to show that a departure from normal trial procedure is warranted in this case—because it is not. Bifurcation would neither save trial time nor avoid any prejudice to Defendants. To the contrary, it would needlessly prolong the trial, which "inherently carries greater risk of prejudice [to the plaintiff]." *Stevenson*, 504 F. Supp. 3d at 1127. A non-bifurcated trial is the most efficient and fairest way to try this case. This Court should deny Defendants' Motion *in Limine* No. 2.

**Bifurcation will not promote judicial efficiency.**

Absent the unlikely scenario of a defense verdict, bifurcation will necessarily prolong trial, and significantly so. Defendants' attenuated argument that bifurcation would advance judicial economy thus rests on an improbable presupposition that a jury will not find any of the three Defendants liable. But in the far more probable instance that a jury returns a verdict for Plaintiff, bifurcation will only drain the Court's time and resources. A bifurcated trial is inherently longer; it requires two sets of separate opening and closing statements, two sets of jury instructions, and two separate jury deliberations. Additionally, in a bifurcated trial, some witnesses will need to be called to testify two separate times. Given the Court's busy schedule and limited trial time, there is zero reason to deviate in this case from the typical rule of non-bifurcation. It is much more efficient and economical for all involved for the parties to present one single streamlined case to the jury. *See Scott v. City of Pasadena*, No. CV0707856MMMAJWX, 2014 WL 12806259, at *8 (C.D. Cal. Feb. 6, 2014) ("Given the interrelated evidence, the court must consider the risk of inconvenience to the jury caused by a multiplicity of proceedings.").

Bifurcation would also be inefficient and costly because it would require extensive "additional line-drawing questions as to what evidence is relevant and admissible at the separate mini-trials." *Stevenson*, 504 F. Supp. 3d at 1127 (denying motion to hold separate trials for liability and damages where evidence was "entwined"); *see also Wiggins v. Penske Logistics LLC*, No. EDCV192260DMGKKX, 2022 WL 1161628, at *2 (C.D. Cal. Mar. 17, 2022) ("Bifurcation would create difficult line-drawing questions as trial draws nearer and it becomes necessary to determine what evidence goes to which phase of the trial."); *Martin v. Heideman*, 106 F.3d 1308, 1312 (6th Cir. 1997) (finding district court abused its discretion in bifurcating trial because its "attempt to draw a simple line" between liability and damages evidence was error). Although Defendants argue elsewhere that innocence is relevant only to damages, ECF 273 at 5, they notably do not assert that argument in their bifurcation motion. Because innocence is relevant to liability and damages (*see* Plaintiff's Motion *in Limine* No. 1, ECF 266) and is inherently intertwined with all the evidence, it would be near impossible to untangle the evidence for the purpose of bifurcated trials. *See Aguirre v. California*, 2018 WL 1948702, at *5 (N.D. Cal. Apr. 25, 2018) (denying defendant's motion to bifurcate and explaining that bifurcation is inappropriate where evidence of liability and damages "overlap in any meaningful way") (citation omitted). And so, for this reason too, rather than shorten the trial, bifurcation would significantly extend it. *See Kraif v. Guez*, No. CV 09-08463, 2013 WL 12133882, at *5 (C.D. Cal. Aug. 30, 2013) (denying motion for bifurcation because liability and damages evidence was "intertwined" and would "result in the duplicative presentation of evidence, which is contrary to the purpose of Rule 42"); *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-CV-02726-TSH, 2018 WL 6606247, at *5 (N.D. Cal. Dec. 17, 2018) (denying bifurcation motion because defendants failed to establish that evidence of liability and damages will not overlap); *French*, 2022 WL 2189649, at *13 (denying defendant's Rule 50 motion on the basis of bifurcation because evidence of physical and mental damages in excessive-force case was "relevant to damages and, to a lesser extent, liability").

Conversely, the damages-only evidence that Plaintiff seeks to present will only minimally impact the overall length of a single trial. Plaintiff has listed just two damages-only witnesses that he "will call" at trial: his sister, who Plaintiff anticipates will testify for one hour, and a psychiatry expert,

who Plaintiff anticipates will testify for two hours. Plaintiff has also listed six damages-only family-member witnesses that he "may call" at trial for no more than 30 minutes each, though he does not anticipate calling all of them. *See Scott*, 2014 WL 12806259, at *7–8 (denying motion for bifurcation where damages and liability evidence was potentially intertwined, and plaintiff had only two damages-only witnesses who were likely to testify for less than half a day).

In the Ninth Circuit, "[i]t is commonplace for juries to assess evidence of both liability and damages without bifurcation," even when a decision in a defendant's favor would obviate the need for a damages presentation. *Wiggins*, 2022 WL 1161628, at *2; *Howard v. City of Los Angeles*, No. CV 14-3687 SS, 2017 WL 11682193, at *13 (C.D. Cal. Feb. 21, 2017) (stating in a 42 U.S.C. § 1983 case against police officers that it is "common" for a court to try liability and damages together). In fact, in Plaintiff's counsel's experience, § 1983 wrongful-conviction cases are often not bifurcated. *See, e.g.*, *Trulove v. City and County of San Francisco*, 16-cv-0050-SK (N.D. Cal. 2018) (non-bifurcated jury trial). Notably, a defendant's "mere contention that judicial economy would be promoted by bifurcation, insofar as a second phase of a bifurcated trial would be rendered unnecessary if the moving party prevails at the first phase, is not sufficient to meet that party's burden of showing that bifurcation is appropriate." *Jones*, 2018 WL 6606247, at *5 (citation omitted); *Scott*, 2014 WL 12806259, at *7–8 ("The possibility that [the police-officer defendant] will not be found liable, moreover, does not convince the court that bifurcation will conserve judicial resources, as it is of course also possible that the jury will find [the defendant] liable.").

Bifurcation in this case would not aid judicial economy. Instead, it would inherently lead to significant additional costs and time and would be an inefficient use of party, jury, and court resources.

**A non-bifurcated trial will not prejudice Defendants.**

Defendants' argument that they will be prejudiced by a non-bifurcated trial is without merit. Defendants assert that damages evidence will cause the jury to find for Plaintiff not based on the evidence but out of sympathy. Plaintiff, however, knows that he is not entitled to a sympathy verdict, and he won't spend a single second arguing for a vote based on sympathy. To prevail at trial, he is aware that he must meet a heavy burden to establish that Defendants acted unconstitutionally—and he

plans to do just that. *See Scott*, 2014 WL 12806259, at *8 (rejecting argument that case should be bifurcated on the basis that the evidence will provoke sympathy toward the plaintiff); *Landeros v. Schafer*, No. 217CV02598KJMCKD, 2022 WL 1625185, at *2 (E.D. Cal. May 23, 2022) (same); *French*, 2022 WL 2189649, at *12 (explaining that the fact that evidence of a plaintiff's injuries from alleged excessive force was "grim" was not a reason to bifurcate a trial).

Moreover, the Court can appropriately instruct the jury to ensure it properly considers the evidence. *See A.G.1 v. City of Fresno*, No. 1:16-CV-1914-JLT-SAB, 2023 WL 3752008, at *7 (E.D. Cal. June 1, 2023) ("The court is not persuaded that the jury in this case will be unable or unwilling to distinguish between [liability and damages evidence]. Any concerns about potential prejudice may be directly addressed, and the prejudice cured, with appropriate limiting instructions.") (cleaned up); *Afshar v. City of Sacramento*, No. CIV S-04-1088LKKJFB, 2007 WL 779748, at *2 (E.D. Cal. Mar. 14, 2007) (explaining that there are "less burdensome" ways than bifurcation to address potential prejudice, including limiting instructions and special verdicts); *cf. Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.") (cleaned up).

Defendants fail to persuasively support their theory that bifurcation should be granted because some evidence may elicit sympathy for the plaintiff. Many of the cases they cite involve prejudice concerns stemming from the introduction of unfavorable evidence about the plaintiff.[1] In *Estate of*

---

[1] And other cases cited by Defendants are simply inapposite. For example, in *E.E.O.C. v. Kovacevich "5" Farms*, the parties stipulated to bifurcation. No. 1:06CV 00165 OWW TAG, 2006 WL 2687000, at *2 (E.D. Cal. Sept. 19, 2006) (granting parties' stipulation but emphasizing that "piecemeal trial of separate issues in a single suit is not to be the usual course" (citation omitted)). In *Boyd v. City of San Francisco*, the court bifurcated the case into one trial against individual officers and one trial against the city—not relevant here. No. C-04-5459 MMC, 2006 WL 680556 (N.D. Cal. Mar. 14, 2006). And the court in *Milla v. City of Los Angeles* bifurcated the case because doing so "prevent[ed] prejudice to both parties by limiting the scope" of liability evidence—also not relevant here. No. 216CV00134FWSMRW, 2023 WL 4291467 (C.D. Cal. June 9, 2023).

*Diaz v. City of Anaheim*, the Ninth Circuit reversed a denial of a bifurcation motion because it was likely that negative damages evidence about the plaintiff tainted the jury against him when it came to liability. 840 F.3d 592 (9th Cir. 2016). And in *Tater v. City of Huntington Beach*, the court bifurcated the trial into liability and damages when the issues were "clearly separable" and the damages presentation involved "numerous pieces" of 404(b) evidence concerning plaintiff including retraining orders, suicide attempts, substance abuse issues, domestic violence, arrests, residence in rehabilitation centers, and child endangerment No. 8:20-CV-01772-MEMF, 2023 WL 4295351, at *6 (C.D. Cal. May 10, 2023); *see also Ramirez v. City of Gilroy*, No. 17-CV-00625-VKD, 2020 WL 1492704, at *8 (N.D. Cal. Mar. 27, 2020) (bifurcating trial when defendants planned to present bad evidence of plaintiff's relationship with children's mother, which was relevant to damages but not liability). In these cases, the courts found there was a risk that the jury wouldn't properly compartmentalize the negative evidence about the plaintiff.

This case carries no comparable risk. The alleged prejudicial evidence is not negative or damaging to Defendants. Furthermore, the story that Defendants tell—of a complex and lengthy damages-only presentation—is fiction. Plaintiff's damages-only evidence is limited and focused. He estimates that he will call two damages-only witnesses for a total of three hours (compared to the 11 other witnesses he estimates he will call for a total of 29 hours).

There is no serious argument that bifurcation is necessary to avoid prejudice to Defendants. If anything, Plaintiff would be prejudiced by a non-bifurcation by dragging out the trial unnecessarily. *Stevenson*, 504 F. Supp. 3d at 1127 (denying defendant's bifurcation request because lengthy nature of bifurcated trial would prejudice plaintiff).

Dated: April 16, 2024

Respectfully submitted,

**NEUFELD SCHECK BRUSTIN HOFFMANN & FREUDENBERGER, LLP**

By: */s/ Anna Benvenutti Hoffmann*
ANNA BENVENUTTI HOFFMANN

*Attorneys for Plaintiff Lionel Rubalcava*

**CERTIFICATE OF SERVICE**

I, Alfred Taylor, being over eighteen years of age, hereby certify that a true and accurate copy of the foregoing Plaintiff's Response to Defendants' Motion *in Limine* No. 2 to Bifurcate Trial was served by ECF on April 16, 2024, on the following:

Matthew Pritchard (Matthew.Pritchard@sanjoseca.gov)
Office of the City Attorney
200 East Santa Clara Street, 16th floor
San Jose, CA, 95113

Avi Kamionski (akamionski@nklawllp.com)
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661

Ephraim R. Siff (esiff@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

Mayer Engelsberg (mengelsberg@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

Natalie Yetunde Adeeyo (nadeeyo@nklawllp.com)
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661

Shneur Nathan (snathan@nklawllp.com)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201

*Attorneys for Defendants*

/s/ *Alfred Taylor*
Alfred Taylor

*Paralegal*