NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Assistant City Attorney (95340)
MATTHEW PRITCHARD, Senior Deputy City Attorney (284118)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.<br><br>　　　　　Defendants. | Case Number: 5:20-cv-04191-BLF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO INTRODUCE EVIDENCE OF INNOCENCE**<br><br>PTC:　　　April 23, 2024<br>Time:　　　1:30 p.m.<br>Courtroom:　1, 5th Floor<br>Judge: Hon. Beth Labson Freeman<br><br>Trial Date:　August 5, 2024 |

**Evidence of Innocence is Irrelevant and Improper**

All Plaintiff's claims in this case turn on the same factual issue: whether Defendants mischaracterized witnesses' statements or actions during the first photo array procedure Defendants conducted with those witnesses. In turn, that issue depends entirely on the testimony of three witnesses—Raymond Rodriguez, Eric Millan, and David Gonzalez, Jr.—at the trial in this civil matter. The witnesses will confirm in their testimony that they identified Plaintiff's photo consistently with Defendants' police reports, or they will deny that fact. Either way, new and independent evidence of Plaintiff's purported innocence of the underlying shooting is irrelevant. It will not affect the witnesses' testimony or diminish its conclusive weight. It is a distraction that can serve no purpose other than to derail the jury's evaluation of that one central issue and convert this civil case in which Plaintiff must prove Defendants' liability into a referendum on the 2003 criminal jury's finding of guilt beyond a reasonable doubt.

It is precisely because of the tendency of such "innocence" evidence to confuse the jury and introduce prejudicial material that courts in multiple cases have excluded it. These cases are apposite and well reasoned. Take *Vargas v. City of Los Angeles*, 2:16-cv-08684, 2020 U.S. Dist. LEXIS 259510 (C.D. Cal. Feb. 18, 2020). As here, the plaintiff in *Vargas* sought to introduce a finding of "factual innocence" entered upon his filing of an "uncontested motion." *Id.* at *19. The court held that the Plaintiff could not present "present evidence of his factual innocence at Trial for three reasons: 1) the jury was fully informed of the vacatur of [plaintiff's] conviction, 2) evidence of 'factual innocence' would confuse Plaintiff's *Brady* claim, and 3) introducing evidence of 'factual innocence' would have required substantial collateral testimony to fully and accurately explain its meaning—resulting in potential jury confusion." *Id.*

The court explained its decision at length in an analysis that applies seamlessly here. "Factual innocence and § 1983 . . . claims," the court observed, involve "fundamentally different issues." *Id.* at *20. The former is a specialized concept under California law involving "procedural and legal considerations" that are "significantly different." *Id.* Likewise different are the "evidentiary considerations between [a] factual innocence claim and [a § 1983] claim." *Id.* On top of all that:

> [T]he introduction of 'factual innocence' evidence would . . . further confuse[] the jury with substantial testimony on a collateral issue. The [innocence] evidence the state court considered [in finding factual innocence] does not and could not establish that Vargas absolutely did not commit two of the three [crimes] for which he was convicted. . . . [F]or the jury to correctly interpret the technical term 'factual innocence,' the jury would need to understand both the original circumstance of the criminal trial, and the process and limitations of [the later] exculpation. This would present collateral issues that could be confusing to the jury in context.

*Id.* at *22.

Then there is *Milla v. City of Los Angeles*, 2:16-cv-00134, 2023 U.S. Dist. LEXIS 114306 (C.D. Cal. June 9, 2023). There again, the plaintiff wanted to introduce a "finding of factual innocence" as part of his case alleging fabrication of evidence. *Id.* at *39. The court excluded the evidence for multiple reasons. "First," the court held, "evidence acquired after Plaintiff's conviction and unknown to [defendants] at the time of [plaintiff's underlying criminal investigation] is not relevant to probable cause" as part of the plaintiff's malicious prosecution claim. *Id.* "Second, Plaintiff's guilt or innocence, and the after-acquired witnesses and finding of factual innocence related to that determination, are not relevant to his [fabrication] claims." *Id.* at *40. The court cited a legion of cases supporting its conclusion, all of which establish that because "demonstrating Defendants' liability" for fabrication "requires only evidence of the Defendants' conduct, not Plaintiff's culpability (or lack thereof) for" the underlying crime, after-acquired innocence evidence is irrelevant. *Id.* at *41. "Finally," the court found based on the reasons outlined in *Vargas* that "the probative value of the after-acquired evidence and the finding of factual innocence is substantially outweighed by the potential to confuse the issues or mislead the jury." *Id.*

The conclusions of these courts is echoed across a broad set of decisions, most of which involve detailed discussions about the innocence issue and pages of reasoned analysis. *See Wilson v. City of Los Angeles*, CV 18-5775, 2020 U.S. Dist. LEXIS 232422, at *3 (C.D. Cal. Dec. 9, 2020); *White v. McKinley*, 05-0203, 2009 U.S. Dist. LEXIS 24556, at *36 (W.D. Mo. Mar. 26, 2009); *Sanchez v. Duffy*, 416 F. Supp. 3d 1131, 1155 (D. Colo. 2018); *White v. McKinley*, 605 F.3d 525, 538 (8th Cir. 2010). These analyses are persuasive, and the Court should adopt them here.

By contrast, the cases Plaintiff cites in seeking to introduce "innocence" evidence are highly fact-specific and inapposite. The general proposition that emerges from Plaintiff's citations is that

where the *defendants* seek establish the plaintiff's *guilt* of the underlying crime—either to reinforce their arguments against liability or to limit damages—the plaintiff's counterevidence of innocence becomes sufficiently probative to outweigh the danger of prejudice it poses. So it was in *Parish v. City of Elkhart*, 702 F.3d 997, 999 (7th Cir. 2012), where the defendants "acknowledg[ed] . . . the primacy of the innocence issue" and introduced "significant testimony" to show the plaintiff's "guilt of the crime" in accordance with that acknowledgment. The court's holding that the plaintiff should have been able to counter such testimony with evidence of non-guilt was predicated on the central role the guilt-innocence question came to play for both liability and damages purposes. *See id.* (finding that the jury's "low damages" award suggested that it was persuaded of guilt by the lop-sided evidentiary record the defendants were permitted to create).

Likewise in *Gilliam v. Allen*, 62 F.4th 829, 839 (4th Cir. 2023), the trial court found innocence evidence relevant to the plaintiffs' claims because "repeatedly[,] the defendants pressed the position" that they had to show "the plaintiffs' actual guilt" through evidence of their own. *See also id.* at 839–840 (reviewing lengthy exchanges between trial court and defendants' counsel demonstrating that the trial court's decision to permit evidence of innocence was in response to the defendants "undertaking to prove guilt"). The court of appeal accordingly held that the trial court did not abuse its discretion in admitting the innocence evidence. *Id.* at 840; *contra* Dkt. 266, p. 1 (incorrectly characterizing *Gilliam* as "holding [that the] district court did not err" in admitting innocence evidence).

Plaintiffs other cases echo the same theme. *See Sanford v. Tolbert*, 531 F. Supp. 3d 1221, 1223–1224 (E.D. Mich. 2021) ("[T]he defendants have made the plaintiff's supposed factual guilt the centerpiece of their defense strategy . . . . As long as the defendants insist, as they do, that all available evidence of the plaintiff's *guilt* must be considered by the jury, then so must any and all available evidence of his *innocence*."); *Restivo v. Hessemann*, 846 F.3d 547, 559–60 (2d Cir. 2017) (setting forth at length that the plaintiff's guilt or innocence was a central issue at trial and reviewing the "evidence [defendants] sought to introduce to establish plaintiffs' guilt").[1]

---

[1] Two of the cases Plaintiff cites stand for exactly the opposite proposition from what he asserts. *Jimenez v. City of Chicago*, 732 F.3d 710, 713 (7th Cir. 2013), discussed only evidence *from the*

3

Plaintiff's citation to out-of-circuit cases involving innocence evidence also leaves out a key fact: a plaintiff alleging malicious prosecution in those circuits was *required* to prove his innocence to establish the "favorable termination" element of his claim. *See Gilliam*, 62 F.4th at 839 ("[E]vidence of . . . innocence was a necessary prerequisite for the plaintiffs' claims in this case.") (citing *Heck v. Humphry*, 512 U.S. 477, 486–87 (1994)); *Ayers v. City of Cleveland*, 773 F.3d 161, 166 (6th Cir. 2014) (noting the plaintiff's argument that innocence evidence "was relevant . . . to demonstrate that the charges were terminated in [the plaintiff's] favor (which is a necessary element of a malicious-prosecution claim)"); *Sanford*, 531 F. Supp. 3d at 1224 (finding evidence of innocence probative to rebut argument that "criminal proceedings in state court never . . . 'terminated in [plaintiff's] favor,' precluding any claims by him via section 1983"). That is not the standard in the Ninth Circuit, under which a plaintiff alleging malicious prosecution is not required to prove innocence but "need only show that the criminal prosecution ended without a conviction," *Manansingh v. United States*, No. 21-16192, 2023 U.S. App. LEXIS 30458, at *7 (9th Cir. Nov. 6, 2023)—a fact to which Defendants here have stipulated in light of the state superior court order vacating Plaintiff's conviction.

Yet another reason Plaintiff's cases are unpersuasive is that they involve fundamentally distinct theories and evidence. There is a world of difference between a plaintiff introducing DNA evidence proving (often conclusively) that the evidence used to convict him was fabricated—*see, e.g.*, *Restivo*, 846 F.3d at 559; *Ayers*, 773 F.3d at 169—and Plaintiff's proffered "innocence" evidence here: a factual innocence order entered upon a stipulation without adversarial testing and in which the parties expressly stated that they were *not* suggesting the evidence against the plaintiff at his underlying trial was false. *See* Dkt. 273; Dkt. 199-4, Ex. 15 (stipulation between District Attorney and Plaintiff re factual innocence, in which Plaintiff stipulates that he was "in no way implying that the witnesses [who testified that he was the shooter and that they identified his photo

*time of the underlying police investigation*, not after-acquired evidence of innocence. And in *Smith v. Depasquale*, 727 F. App'x 411 (9th Cir. 2018), the court upheld the lower court's decision to prohibit the terms "'guilt and 'innocence' at trial," and further upheld the *exclusion* of evidence concerning the California Victim Compensation Board's "innocen[ce]" finding.

from police arrays] were any less than truthful"). Or perhaps even more distinct, brand new and untested expert opinion about the range of cell phone towers. *See* Dkt. 273.

Plaintiff argues that his "factual innocence" is relevant because it makes Defendants' contention that they accurately reported witness statements identifying Plaintiff from photo arrays "*less* likely." Dkt. 266 at 2. Not so. There is nothing about a stipulated order from a state court in a separate proceeding that makes it "less likely" Defendants' police reports were accurate. *See Vargas*, 2020 U.S. Dist. LEXIS 259510 at *20. The circumstances and meaning of that court order underscore the extent to which it is not probative of whether Defendants committed the misconduct alleged, much less to the degree that it overcomes the obvious prejudice its admission would entail. *See id.* Nor does contested evidence about the range of cell phone towers in 2002 inform whether Defendants deliberately mischaracterized witness statements in their reports. Even if that evidence demonstrated that Plaintiff likely did not commit the underlying shooting, that does not support the distinct proposition that witnesses did not identify Plaintiff's photo. Plaintiff's own expert has made a career out of rendering the opinion that eyewitness identifications are notoriously unreliable because people routinely identify a person they did not actually see. *See* Dkt. 216-2. In other words, Plaintiff's proffered expert testimony is that an eyewitness is highly likely to identify a person who was not the perpetrator of a crime if the eyewitness had inadequate opportunity to form a memory of the perpetrator's face—exactly the circumstances the expert concludes the eyewitnesses in Plaintiff's trial faced. So Plaintiff's purported innocence would not make it less likely the eyewitnesses identified Plaintiff as Defendants reported.

Plaintiff also argues that the Court must permit newly-acquired innocence evidence "to remove the stigma caused by the prior conviction." Dkt. 266 at 3. That argument fails to account for the fact that Defendants have stipulated, and the jury will therefore learn, that Plaintiff's conviction was overturned. So the jury will not be left thinking Plaintiff stands convicted for the underlying crime, and there is no "stigma" to correct with evidence of innocence.

Plaintiff's "innocence" evidence would entail a mini-trial on collateral and irrelevant issues, thus prejudicing Defendants and prolonging an already complex and lengthy trial. The Court should exclude it consistently with Defendants' motion *in limine*. Dkt. 273.

Dated: April 16, 2024

Respectfully submitted,

NORA FRIMANN, City Attorney

By: /s/Matthew Pritchard
      MATTHEW PRITCHARD
      Sr. Deputy City Attorney

Attorneys for Defendants