UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIONEL RUBALCAVA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH PEREZ, STEVEN SPILLMAN, and TOPUI FONUA,<br><br>    Defendants. | Case No. 20-cv-04191-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' QUALIFIED IMMUNITY APPEAL AS FRIVOLOUS**<br><br>[Re: ECF 306] |

Before the Court is Plaintiff's Motion to Certify Defendants' Qualified Immunity Appeal as Frivolous. *See* Pl.'s Mot., ECF 306. The motion is fully briefed, and the Court finds it to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

The motion is GRANTED for the reasons discussed below.

**I. BACKGROUND**

*Plaintiff's Conviction, Release, and Filing of this Suit*

The facts of this case are well-known to the parties and need not be repeated in full here. In brief, Plaintiff claims that law enforcement officers' fabrication of evidence and other misconduct caused him to be wrongfully prosecuted for a 2002 drive-by shooting that paralyzed the victim from the waist down. Plaintiff was convicted and served seventeen years in prison before the Santa Clara County District Attorney's Office, based on an internal reinvestigation, joined with Plaintiff in a stipulated motion to vacate the conviction and to find Plaintiff actually innocent. The Santa Clara County Superior Court granted the motion to vacate the conviction and made the requested finding of innocence. Plaintiff thereafter filed this suit on June 25, 2020.

*This Court's MSJ Order*

A number of parties and claims were dismissed during the first three years of this litigation. The case was further streamlined by this Court's order of March 27, 2024, granting in part and denying in part a defense motion for summary judgment ("MSJ Order"). *See* MSJ Order, ECF 264. The MSJ Order left four civil rights claims for trial against three individual defendants, all of whom were members of the San Jose Police Department at the time of the shooting: Joseph Perez, Topui Fonua, and Steven Spillman ("Defendants"). *See id.* at 39. The Court denied Defendants' motion for summary judgment on Plaintiff's § 1983 claims for fabrication of evidence (Claim 1), *Brady*[1] violations (Claim 2), malicious prosecution (Claim 3), and conspiracy (Claim 4). *See id.*

Of particular relevance here, the Court denied Defendants' motion for summary judgment on the basis of qualified immunity. With respect to Claim 1, the Court found that the record evidence gives rise to disputed issues of fact as to whether Defendants deliberately fabricated their police reports by stating that witnesses had made unequivocal identifications of Plaintiff as the shooter when they had not done so, by misquoting witnesses, and by making false statements regarding the circumstances of the reported witness identifications. *See* MSJ Order at 25. The Court also found that if Plaintiff's version of events is credited, Defendants' conduct violated a constitutional right that was clearly established prior to the 2002 shooting and investigation, specifically, the right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government. *See id.* at 26-27.

With respect to Claim 2, the Court found that the record evidence gives rise to disputed issues of fact as to whether Defendants violated *Brady* by failing to disclose evidence going to the credibility of the government's eyewitnesses. *See* MSJ Order at 29. The Court also found that if Plaintiff's version of events is credited, Defendants' conduct violated a constitutional right that

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

1  was clearly established prior to the 2002 shooting and investigation, specifically, the right to

2  disclosure of *Brady* material by police officers. *See id.* at 30.

3        With respect to Claim 3, the Court found that the record evidence gives rise to disputed

4  issues of fact as to whether Defendants caused Plaintiff to be prosecuted with the intent to deprive

5  him of constitutional rights guaranteed under the Fourteenth Amendment, including the right not

6  to be subjected to criminal charges on the basis of false evidence and the right to exculpatory

7  evidence. *See id.* at 35. The Court also found that if Plaintiff's version of events is credited,

8  Defendants' conduct violated constitutional rights that were clearly established before the 2002

9  shooting and investigation. *See id.* at 36.

10       Defendants did not raise a separate qualified immunity argument with respect to Claim 4

11 for conspiracy.

12       *Defendants' Interlocutory Appeal and Plaintiff's Current Motion*

13       Defendants timely appealed the denial of their motion for summary judgment on the basis

14 of qualified immunity. *See* Not. of Appeal, ECF 279. This Court determined that the appeal did

15 not divest it of jurisdiction to proceed with the Final Pretrial Conference on April 23, 2024 and to

16 issue rulings on the parties' motions *in limine*, as those proceedings were unrelated to the issues

17 raised in Defendants' appeal relating to qualified immunity. *See* Order Following Pretrial

18 Conference, ECF 302; Order Re Motions *in Limine*, ECF 309.

19       At the Final Pretrial Conference, Plaintiff advised the Court that he intended to file a

20 motion to certify Defendants' qualified immunity appeal as frivolous, and he requested that the

21 trial proceed on August 2, 2024 as scheduled if his motion is granted. Plaintiff's motion has been

22 filed and briefed, and is ready for disposition.

23 **II.  LEGAL STANDARD**

24       "An order denying a motion for summary judgment is usually not an immediately

25 appealable final decision." *Est. of Anderson v. Marsh*, 985 F.3d 726, 730 (9th Cir. 2021). "But

26 that general rule does not apply when the summary judgment motion is based on a claim of

27 qualified immunity[.]" *Id*. (quotation marks and citation omitted). Public officials may file an

28 immediate interlocutory appeal of a district court's denial of a summary judgment motion brought

on qualified immunity grounds. *See id.*; *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Such an appeal automatically divests the district court of jurisdiction to proceed with trial pending appeal, absent certification by the district court that the appeal is frivolous or waived. *See Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018); *Chuman*, 960 F.2d at 105.

The Ninth Circuit's jurisdiction to consider interlocutory appeals in the qualified immunity context is "circumscribed," *Est. of Anderson*, 985 F.3d at 730, and an appeal that falls outside that circumscribed jurisdiction properly is characterized as frivolous, *see Rodriguez*, 891 F.3d at 792. An appeal is within the Ninth Circuit's jurisdiction if it raises a purely legal contention that the defendants' conduct did not violate clearly established law even if all facts are viewed in the light most favorable to the plaintiff. *See Est. of Anderson*, 985 F.3d at 731; *Rodriguez*, 891 F.3d at 791. However, an appeal generally falls outside the Ninth Circuit's jurisdiction if it raises "a fact-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Est. of Anderson*, 985 F.3d at 731 (quotation marks and citation omitted).

Even where it falls within the Ninth Circuit's appellate jurisdiction, "[a]n appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quotation marks and citation omitted). A district court may certify a qualified immunity appeal as frivolous even where it raises a purely legal argument, if the court determines that the argument is baseless. *See Greer v. Cnty. of San Diego*, No. 19CV378-JO-DEB, 2023 WL 2145528, at *6 (S.D. Cal. Feb. 21, 2023) (certifying qualified immunity appeal as frivolous based on finding that "there is no merit to the argument that a reasonable jail official . . . would believe that it was lawful to ignore a lower bunk assignment for a detainee with epilepsy"); *Barbosa by & through Barbosa v. Shasta Cnty.*, No. 2:20-cv-02298-JAM-DMC, 2023 WL 1804093, at *3 (E.D. Cal. Feb. 7, 2023) (certifying qualified immunity appeal as frivolous after finding the defendants' legal argument "to be baseless such that the appeal is frivolous").

### III. DISCUSSION

Plaintiff asks this Court to certify Defendants' qualified appeal as frivolous on two

4

1  grounds.  First, Plaintiff argues that Defendants do not accept his facts as true in asserting their
2  entitlement to qualified immunity, and that Defendants' argument that they did not violate clearly
3  established law is based on their own version of events rather than Plaintiff's version.  Second,
4  Plaintiff argues that if the facts are construed in the light most favorable to him, it is beyond
5  dispute that Defendants violated constitutional rights that were clearly established at the time of
6  the 2002 shooting and investigation.  Both of these asserted grounds are proper bases for
7  Plaintiff's motion.  "District courts have certified appeals of qualified immunity as frivolous
8  where (1) defendants claim to rely on, but do not actually rely on, the plaintiff's version of the
9  facts, or (2) where defendants' legal arguments run afoul of clearly established law."  *James v.*
10 *City of Los Angeles*, No.: 2:21-cv-04525-CBM-(ASx), 2024 WL 1135099, at *2 (C.D. Cal. Feb. 7,
11 2024) (collecting cases).

12       In opposition, Defendants argue that they do accept Plaintiff's facts as true for purposes of
13 the qualified immunity analysis.  Defendants contend that even assuming that all disputed facts are
14 resolved in Plaintiff's favor, the law in 2002 did not clearly establish that their conduct violated
15 the Constitution.

16       The Court takes up these issues in turn.

17     **A.**    **Defendants do Not Accept Plaintiff's Version of Events**

18       Plaintiff first argues that Defendants' appeal is frivolous because their assertion of
19 entitlement to qualified immunity is based on their own version of the facts rather than Plaintiff's
20 version.  That argument is well-taken.  Defendants' opening brief on appeal has not yet been filed.
21 However, Defendants' opposition to the current motion makes clear that Defendants' assertion of
22 entitlement to qualified immunity is based on their view that any misstatements in their police
23 reports constitute mere mischaracterizations of the eyewitness identification procedures that do not
24 rise to the level of a constitutional violation.

25       For example, Defendants argue that in order to defeat qualified immunity with respect to
26 his fabrication claim, "the conduct Plaintiff would have to show was clearly unconstitutional in
27 2002 is a police officer's *mischaracterizing* in an unsworn police report a witness's words or
28 actions during a photo identification procedure."  Defs.' Opp. at 3 (emphasis added), ECF 310.

5

1 Defendants argue that there was no clearly established law in 2002 establishing that such mischaracterization in a police report would rise to the level of a constitutional violation, and that under the most relevant case – *Gausvik v. Perez*, 345 F.3d 813 (9th Cir. 2003) – such mischaracterization in an officer's report would not be a constitutional violation. In *Gausvik*, the Ninth Circuit held that an affidavit for probable cause containing errors was insufficient to support a claim for deliberate fabrication of evidence, because although the affidavit indicated that the officer had been careless with the facts, that carelessness did not rise to the level of deliberate fabrication of evidence. *See Gausvik*, 345 F.3d at 817.

If Defendants' version of events were accepted, under which any misstatements in their police reports may be attributable to mere carelessness or mischaracterizations, then Defendants might be entitled to qualified immunity. However, both this Court and the Ninth Circuit must accept *Plaintiff's* version of events in evaluating Defendants' entitlement to qualified immunity. Viewing the facts in the light most favorable to Plaintiff, the Defendants did not merely mischaracterize aspects of the eyewitness identifications in their reports. In its MSJ Order, this Court found that Plaintiff presented evidence sufficient to create triable issues of fact as to whether Defendants *deliberately fabricated* evidence by describing in their police reports eyewitness identifications that did not occur, misquoting witnesses, and making false statements regarding the circumstances of the reported witness identifications. *See* MSJ Order at 25. Defendants cannot challenge this Court's determinations regarding the existence of those triable issues of fact. And given those triable issues, Defendants' failure to accept Plaintiff's version of the facts renders their qualified immunity appeal frivolous.

With respect to Plaintiff's *Brady* claim, Defendants argue that they are entitled to qualified immunity based on pre-2002 cases holding *Brady* does not obligate the government to disclose a witnesses' failure to identify a suspect from a photo array. *See United States v. De Palma*, 461 F.2d 240 (9th Cir. 1972); *Davis v. United States*, 735 A.2d 467 (D.C. 1999). In *De Palma*, the Ninth Circuit found it "doubtful" that *Brady* required disclosure of an eyewitness's failure to identify the defendant from a blurry Polaroid photograph when she later identified the defendant from a clearer photograph and at trial. *See De Palma*, 461 F.2d at 241. In *Davis*, the District of

6

Columbia Court of Appeals held that *Brady* did not require the government to disclose a witness's failure to identify the defendant from a photo array, opining that "a failure to identify (as opposed to a misidentification) is not exculpatory." *Davis*, 735 A.2d at 476 n.14.

Again, if Defendants' version of events were accepted, under which Defendants merely mischaracterized some aspects of the eyewitness identifications, these authorities might entitle them to qualified immunity. Under Plaintiff's version of events, however, Defendants did not merely fail to disclose a witness's failure to identify the defendant. Plaintiff claims that Defendants fabricated witness identifications and lied about witnesses' expressions of uncertainty regarding identifications that were made. In its MSJ Order, this Court found that Plaintiff presented evidence sufficient to create triable issues of fact as to whether Defendants engaged in that claimed misconduct. *See* MSJ Order at 28-29. Defendants cannot challenge this Court's determinations regarding the existence of those triable issues of fact. And given those triable issues, Defendants' failure to accept Plaintiff's version of the facts renders their qualified immunity appeal frivolous.

Based on the foregoing, the Court concludes that Defendants' appeal of the denial of their motion for summary judgment based on qualified immunity is frivolous, because Defendants do not assume resolution of all disputed facts in favor of Plaintiff. This conclusion is consistent with the decisions of numerous district courts within the Ninth Circuit certifying appeals as frivolous where the defendants' assertion of qualified immunity failed to accept the plaintiff's version of the facts. *See, e.g., James*, 2024 WL 1135099, at *3 (certifying appeal as frivolous because "Defendants' argument in opposition to the Motion demonstrates that they do not accept Plaintiff's facts as true in asserting their entitlement to qualified immunity.") ; *I.A. v. City of Redondo Beach*, No. CV 20-06447 DDP (JPRx), 2023 WL 6881022, at *3 (C.D. Cal. Oct. 17, 2023) (certifying appeal as frivolous where, "[a]s he did at the summary judgment stage, Defendant again draws all inferences in his own favor rather than in favor of Plaintiffs.").

Plaintiff's motion to certify Defendants' interlocutory appeal as frivolous is GRANTED on the ground that Defendants' assertion of qualified immunity does not assume resolution of all disputed facts in Plaintiff's favor.

7

### B. If Plaintiff's Version of Events is Credited, Defendants' Appeal is Baseless

Next, Plaintiff argues that if the facts are construed in the light most favorable to him, it is beyond dispute that Defendants violated constitutional rights that were clearly established at the time of the 2002 shooting and investigation. This Court found as much in its MSJ Order, concluding that if Defendants deliberately fabricated their police reports as claimed by Plaintiff, their conduct violated clearly established law articulated in *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001). *Devereaux* held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux*, 263 F.3d at 1074-75. This Court also concluded in its MSJ Order that if Plaintiff's version of events is accepted, Defendants are not entitled to qualified immunity on the *Brady* claim "[b]ecause it was clearly established by 1984 that police officers were bound by *Brady*, and that evidence undermining the credibility of government witnesses fell within *Brady's* ambit." MSJ Order at 30 (quoting *Carrillo v. Cnty. of Los Angeles*, 798 F.3d 1210, 1226 (9th Cir. 2015)).

Defendants correctly point out that "[a]n appeal from the denial of qualified immunity is not frivolous solely because the district court based its order on what it perceived to be clearly established law." *Suzuki v. Cnty. of Contra Costa*, No. 18-CV-06963-SI, 2019 WL 4674418, at *2 (N.D. Cal. Sept. 25, 2019). In this case, however, Defendants simply present no legal basis for a determination that they are entitled to qualified immunity if Plaintiff's version of events is credited. Defendants have not cited any cases finding that police officers were entitled to qualified immunity for claims arising from their deliberate fabrication of police reports which led to the prosecution of an innocent man.

Under these circumstances, the Court need not address Defendants' objection to Plaintiff's citation to *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997), on the basis that *Harris* was not cited in the summary judgment briefing. The Court does not rely on *Harris* in concluding that Defendants' qualified immunity appeal is frivolous.

Accordingly, Plaintiff's motion to certify Defendants' interlocutory appeal as frivolous is GRANTED on the additional ground that Defendants have not presented any legal basis for a

determination that they are entitled to qualified immunity if Plaintiff's version of events is credited.

### IV. ORDER

(1) Plaintiff's Motion to Certify Defendants' Qualified Immunity Appeal as Frivolous is GRANTED.

(2) Absent issuance of a stay by the Ninth Circuit, jury selection remains scheduled to commence on August 2, 2024.

(3) This order terminates ECF 306.

Dated: May 24, 2024

_____
BETH LABSON FREEMAN
United States District Judge